## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

GERALD NOVAK and
ADAM WENZEL,                                    Case No.: 21-cv-12008
      Plaintiffs,                          Honorable _____

      v.                                   **COMPLAINT**
                                               **JURY DEMANDED**
WILLIAM FEDERSPIEL,
in both his official and personal capacities,
      Defendant
_____/

OUTSIDE LEGAL COUNSEL PLC
PHILIP L. ELLISON (P74117)
Counsel for Plaintiffs
PO Box 107
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

_____

### COMPLAINT

NOW COME Plaintiffs GERALD NOVAK and ADAM WENZEL, by counsel, and complains unto the Court as follows—

### PARTIES

1.      Plaintiff GERALD NOVAK is a resident of the State of Michigan.

2.      Plaintiff ADAM WENZEL is a resident of the State of Michigan.

3.      Defendant WILLIAM FEDERSPIEL is the duly-elected Sheriff of Saginaw County and is sued in both his official and personal capacities.

### JURISDICTION

4.      This is a civil action brought pursuant to 42 U.S.C. § 1983 seeking injunctive relief together with monetary damages against Defendant WILLIAM FEDERSPIEL for violations of the United States Constitution.

1

5.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, which authorizes federal courts to decide cases concerning federal questions; 28 U.S.C. § 1343, which authorizes federal courts to hear civil rights cases; and 28 U.S.C. § 1367, which authorizes supplemental jurisdiction over state law claim(s).

6.      Venue is proper in this Court as Defendant conducts business in the Eastern District of Michigan.

### GENERAL ALLEGATIONS

7.      Deputies from the Saginaw County Sheriff's Office were called to the deer-hunting cabin-house owned by Plaintiff GERALD NOVAK but long decamped by Benjamin J. Heinrich in the rural part of Merrill, Michigan. See **Exhibit 1**.

8.      Mr. Heinrich and his life-in companion, "H", had a heated dispute over a crying child and, without authority or permission, Mr. Heinrich took one of Plaintiff GERALD NOVAK's firearms (a New England .410) and pointed it at H demanding that she leave the premises.

9.      According to the police report, the firearm was then returned back to the gun cabinet.

**10.**      After arriving, the deputies of the Saginaw County Sheriff's Office interviewed and documented the same as a "lovers' quarrel" with no injury. See **Exhibit 1, p. 1.**

11.      Mr. Heinrich was arrested and the deputies then seized, pursuant to Chapter 47 of the Revised Judicature Act of 1961, the single New England .410 used by Mr. Heinrich.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

12.    Plaintiffs GERALD NOVAK and ADAM WENZEL did not authorize, condone, bless, have any part of, or contribute in any way to the events or interactions between Mr. Heinrich and H.

13.    Stored at deer-hunting cabin-house owned by Plaintiff Gerald Novak were fourteen firearms owned by respectively Plaintiffs GERALD NOVAK and ADAM WENZEL—

| PLAINTIFF GERALD NOVAK'S FIREARMS | | |
|---|---|---|
| *All references to (#) refers to the Item No. in Saginaw County Sheriff's Office Crime Report No. 1717304037.1* | | |
| **(1)** Remington Model 7600 Black Brown Wood Stock and Black Metal Barrel<br>SN: 8333002 | **(6)** Winchester Model 94 Brown Wood Stock and Black Metal Barrel<br>SN: 1806102 | **(11)** Remington Revolver Pistol Model 22 Caliber<br>Silver<br>SN: Not Listed |
| **(2)** Remington Model 870 Brown Wood Stock and Black Metal Barrel<br>SN: T123283V | **(7)** Kodiak Model 260 Wood Stock, Black Barrel<br>SN: Not listed | **(12)** Savage 2204 Wood Stock, Black Barrel<br>SN: 410 |
| **(4)** Coleman Model 781 Plasric Brown & Black Air Soft Gun<br>SN: 489501837 | **(9)** Remington 1100 Wood Stock, Black Barrel<br>SN: 104238X | **(13)** Remington Model 572 Wood Stock, Black Barrel<br>SN: Not Listed |
| **(5)** Dumoulin & Co Shotgun Wood Stock and Black Metal Barrel<br>SN: Not Listed | **(10)** New England 398848†<br>Wood Stock, Black Barrel<br>SN: NB218049 | **(14)** Gamemaster Model 760 Wood Stock, Black Barrel<br>SN: A7080267 |

† This is the firearm used by Mr. Heinrich.

| PLAINTIFF ADAM WENZEL'S FIREARMS | | |
|---|---|---|
| *All references to (#) refers to the Item No. in Saginaw County Sheriff's Office Crime Report No. 1717304037.1* | | |
| **(3)** Remington Model 710 Gray & Black (Green)<br>SN: 71116295 | **(8)** Marlin 60 Wood Stock and Black Barrel<br>SN: 00231057 | |

14.    These fourteen firearms were merely stored at Plaintiff GERALD NOVAK's deer-hunting cabin-house; they were never given to, put in possession of, or provided to Mr. Heinrich in any way.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

15.     Claiming for "safekeeping" purposes, deputies of the Saginaw County Sheriff's Office also took possession of the remaining thirteen firearms owned respectively by Plaintiffs GERALD NOVAK and ADAM WENZEL. See **Exhibit 1**.

16.     None of the thirteen firearms were subject to "seizure" or were "seized" pursuant to Chapter 47 of the Revised Judicature Act of 1961 as those terms are utilized under law

17.     None of the thirteen firearms were an instrumentality of a crime or were seized as incident to a lawful arrest.

18.     None of the thirteen firearms were the proceeds of a crime.

19.     None of the thirteen firearms were the substituted proceeds of a crime

20.     None of the thirteen firearms were seized pursuant to a search warrant.

21.     None of the thirteen firearms were seized pursuant to an inspection under a valid administrative inspection warrant.

22.      None of the thirteen firearms were seized were the result of probable cause to believe that the property is directly or indirectly dangerous to health or safety.

23.     None of the thirteen firearms contributed directly and materially to the commission of the crime; was used to conceal the crime; was used to escape from the scene of the crime; or was used to conceal the identity of the individual(s) who committed the crime.

24.     None of the thirteen firearms were legally seized or had anything to do with heated dispute between Mr. Heinrich and his companion, "H", or were the instrumentalities of a crime.

25.     None of the thirteen firearms were property subject of a prior judgment in favor of the State of Michigan in a forfeiture proceeding.

26.     As explained in the police report generated at the time, the thirteen firearms were taken to the Saginaw County Sheriff's Office merely for "safekeeping" while the New England .410 "was placed in the property room as evidence." **Exhibit 1.**

27.     Mr. Heinrich was charged with various criminal charges and then later pled guilty to and was sentenced to probation for domestic violence.

28.     Mr. Heinrich has since complied with all the terms of his probation and has been fully discharged from custody of the Michigan criminal justice system as of January 7, 2019. **Exhibits 2 and 3.**

29.     As of January 7, 2019, Defendant WILLIAM FEDERSPIEL thereafter had no lawful basis to retain possession of the thirteen firearms.

30.     After the discharge of Mr. Heinrich from the state criminal justice system, Plaintiffs sought the return of their firearms in early 2019.

31.     Saginaw County Sheriff's Detective Jeffrey Kruszka confirmed the same in an email dated February 22, 2019 but the response, on behalf of Defendant WILLIAM FEDERSPIEL, was "too bad." **Exhibit 4**.

32.     According to Detective Kruszka, "the longer we keep the guns, the better." **Exhibit 4**.

33.     Attempts to obtain the firearms through two separate claim-and-delivery lawsuits in the state court against the Saginaw County Sheriff's Office has been unsuccessful due to neither state court willing to either take jurisdiction or otherwise has

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

held that the Sheriff's Office is immune from suit or judgment under MCL 600.4705 and .4709.

34.    Despite what will undoubtedly be the response of Defendant WILLIAM FEDERSPIEL, there is no mechanism under Michigan law (absent the claim-and-delivery claim here) for the thirteen firearms because none used in the assault by Heinrich and unquestionably were never "seized" under MCL 600.4701 et seq to be subject to such return process and/or have been sought back pursuant to MCL 600.4705 and .4709 without success.

35.    Defendant WILLIAM FEDERSPIEL has possession and/or control of the 13 firearms; does not have ownership; and refuses to return them.

## COUNT I
## FOURTH AMENDMENT VIOLATION
## 42 U.S.C. § 1983

36.    The prior paragraphs are alleged word for word herein.

37.    Plaintiffs GERALD NOVAK and ADAM WENZEL assert that it is a Fourth Amendment violation when Defendant WILLIAM FEDERSPIEL, as of early 2019, unreasonably refused to return the private property of Plaintiffs GERALD NOVAK and ADAM WENZEL when the original reason for possessing said property has fully terminated.

38.    Return has been demanded and refused despite there no longer being any justification for retaining the same as of January 8, 2019.

39.    Under binding precedent, the Sixth Circuit has rejected that a claim under the Fourth Amendment exists for these circumstances, *Fox v. Van Oosterum*, 176 F.3d

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

342, 349-352 (6th Cir.1999), while the Ninth Circuit has recognized the claim, *Brewster v. Beck*, 859 F.3d 1194 (9th Cir. 2017).

40.     This claim/count is pled to preserve the claim (for future appellate practice) under the Fourth Amendment for challenge *en banc* before the entire Sixth Circuit and/or to petition for writ of certiorari to the United States Supreme Court to resolve the circuit split.

41.     The actions and/or inactions of Defendant WILLIAM FEDERSPIEL is a policy, custom, and/or practice sufficient to impose damages and other relief pursuant to *Monell v. New York City Department of Social Services* and its progeny.

42.     Plaintiffs GERALD NOVAK and ADAM WENZEL have experienced constitutional and monetary harm by processes and procedures undertaken by and/or is a policy, custom, and/or practice of Defendant WILLIAM FEDERSPIEL.

43.     The conduct of Defendant WILLIAM FEDERSPIEL was reckless and undertaken with complete indifference to the federal rights of Plaintiffs GERALD NOVAK and ADAM WENZEL to be free from violations of the Fourth Amendment to the United States Constitution.

**COUNT II**
**CLAIM-AND-DELIVERY / REPLEVIN**

44.     The prior paragraphs are alleged word for word herein.

45.     Plaintiffs GERALD NOVAK and ADAM WENZEL are the lawful owner of—

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

| PLAINTIFF GERALD NOVAK'S FIREARMS | | |
|---|---|---|
| *All references to (#) refers to the Item No. in Saginaw County Sheriff's Office Crime Report No. 1717304037.1* | | |
| **(1)** Remington Model 7600 Black Brown Wood Stock and Black Metal Barrel SN: 8333002 | **(6)** Winchester Model 94 Brown Wood Stock and Black Metal Barrel SN: 1806102 | **(12)** Savage 2204 Wood Stock, Black Barrel SN: 410 |
| **(2)** Remington Model 870 Brown Wood Stock and Black Metal Barrel SN: T123283V | **(7)** Kodiak Model 260 Wood Stock, Black Barrel SN: Not listed | **(13)** Remington Model 572 Wood Stock, Black Barrel SN: Not Listed |
| **(4)** Coleman Model 781 Plasric Brown & Black Air Soft Gun SN: 489501837 | **(9)** Remington 1100 Wood Stock, Black Barrel SN: 104238X | **(14)** Gamemaster Model 760 Wood Stock, Black Barrel SN: A7080267 |
| **(5)** Dumoulin & Co Shotgun Wood Stock and Black Metal Barrel SN: Not Listed | **(11)** Remington Revolver Pistol Model 22 Caliber Silver SN: Not Listed | |

† This is the firearm used by Mr. Heinrich.

| PLAINTIFF ADAM WENZEL'S FIREARMS | | |
|---|---|---|
| *All references to (#) refers to the Item No. in Saginaw County Sheriff's Office Crime Report No. 1717304037.1* | | |
| **(3)** Remington Model 710 Gray & Black (Green) SN: 71116295 | **(8)** Marlin 60 Wood Stock and Black Barrel SN: 00231057 | |

46.     Plaintiffs GERALD NOVAK and ADAM WENZEL are lawfully entitled to possession and return of the above-described firearms as of January 7, 2019.

47.     The demands of Plaintiffs GERALD NOVAK and ADAM WENZEL for the return of the above-described firearms has been refused since early 2019.

48.     Defendant WILLIAM FEDERSPIEL has current possession and/or control of the thirteen firearms but does not have ownership of the above-described property.

49.     Plaintiffs GERALD NOVAK and ADAM WENZEL seek a claim-and-delivery / replevin judgment to immediately effectuate the return of the above-described firearms to Plaintiffs GERALD NOVAK and ADAM WENZEL.

50. Plaintiffs GERALD NOVAK and ADAM WENZEL are not seeking damages as part of this claim because a monetary-damages remedy is barred by government immunity under Michigan law.

**COUNT III**
**FIFTH / FOURTEENTH AMENDMENT TAKINGS**
**42 U.S.C. § 1983**

51. The prior paragraphs are alleged word for word herein.

52. The "government's retention of personal property after a lawful initial seizure… sounds in the Fifth Amendment rather than in the Fourth Amendment." *Denault v. Ahern*, 857 F.3d 76, 84 (1st Cir. 2017).

53. The Fifth Amendment to the Constitution provides that "private property shall not be taken for public use, without just compensation." U.S. Const. amend. V.

54. This claim is being made against all Defendant WILLIAM FEDERSPIEL pursuant to 42 U.S.C § 1983 and § 1988.

55. The Fifth Amendment, made applicable to the states via the Fourteenth Amendment, is a constitutional provision and right requiring the payment of just compensation upon a taking by Defendant WILLIAM FEDERSPIEL, even if just temporary. See *Knick v. Twp. of Scott*, 139 S. Ct. 2162 (2019); *Cedar Point Nursery v. Hassid*, 141 S. Ct. 2063 (2021).

56. Upon the return of the thirteen firearms pursuant to this suit (including a preliminary injunction and/or a claim-and-delivery order), Defendant WILLIAM FEDERSPIEL has temporarily taken, from January 8, 2019 to the date of return, the property interests Plaintiffs GERALD NOVAK and ADAM WENZEL as to the thirteen

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

firearms for public use without the payment of just compensation in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

57.     When Defendant WILLIAM FEDERSPIEL temporarily took private property without paying for it, Defendant WILLIAM FEDERSPIEL violated the Fifth Amendment without regard to any available or provided subsequent state court proceedings. See *Knick v. Twp. of Scott*, 139 S. Ct. 2162 (2019).

58.     Defendant WILLIAM FEDERSPIEL is liable pursuant to the *Monell* standard as flowing from the execution of a policy or custom pursuant one or more of the four recognized methodologies, see *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005).

59.     The actions and/or inactions of Defendant WILLIAM FEDERSPIEL was expressly designed to intentionally or wantonly cause harm to Plaintiffs GERALD NOVAK and ADAM WENZEL due to the utter disregard of the constitutionally protected rights of Plaintiffs GERALD NOVAK and ADAM WENZEL.

60.     Defendant WILLIAM FEDERSPIEL has not paid just compensation.

61.     Defendant WILLIAM FEDERSPIEL will not pay just compensation.

62.     Defendant WILLIAM FEDERSPIEL does not intend to pay just compensation in the future.

63.     Plaintiffs GERALD NOVAK and ADAM WENZEL have suffered damages which this Court can remedy by an order and/or judgment for an award of damages (including nominal damages), plus interest and attorney fees.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

**COUNT IV (IN THE ALTERNATIVE TO COUNT II)**
**FOURTEENTH AMENDMENT – PROCEDURAL DUE PROCESS**
**42 U.S.C. § 1983**

64.     The prior paragraphs are alleged word for word herein.

65.     This Count is pled in the alternative to the extent that Count II fails.

66.     Under the Fourteen Amendment due process clause, state actors may not "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV.

67.     "To the extent the Constitution affords [a plaintiff] any right with respect to a government agency's retention of lawfully seized property, it would appear to be procedural due process." *Shaul v. Cherry Valley-Springfield Cent. Sch. Dist.*, 363 F.3d 177, 187 (2d Cir. 2004).

68.     It is well settled that upon the termination of criminal proceedings, any taken property, other than contraband, should be returned to the rightful owner.

69.     Michigan law does not provide a process or procedure to effectuate the return of the private property taken by deputies from the Saginaw County Sheriff's Office for "safekeeping" but not actually authorized to be seized under MCL 600.4703 following the complete discharge of Mr. Heinrich from any criminal proceedings.

70.     The post-deprivation remedies in the State of Michigan are inadequate because they do not exist for these circumstances, been denied, or the seizing agency having been granted immunity from suit.

71.     Plaintiffs GERALD NOVAK and ADAM WENZEL has sought the return of their thirteen firearms from the Saginaw County Sheriff's Office as directed by MCL

600.4705 and MCL 600.4709 and the 70th District Court has refused to order the return of the firearms.

72.      Demands for the return of the thirteen firearms by the demand of the rightful owners have been met with flat rejection as "too bad" with the unlawful expressed goal that "the longer we keep the guns, the better."

73.      Starting January 8, 2019, Plaintiffs GERALD NOVAK and ADAM WENZEL have been deprived of property without constitutionally adequate pre- or post-deprivation process.

74.      Defendant WILLIAM FEDERSPIEL has failed to provide any notice of the deprivation of their property and has failed to provide the opportunity to be heard to cause the return of the thirteen firearms despite that Defendant WILLIAM FEDERSPIEL lacks any continuing lawful interest in retaining the thirteen firearms.

75.      Defendant WILLIAM FEDERSPIEL is liable pursuant to the *Monell* standard as flowing from the execution of a policy or custom pursuant one or more of the four recognized methodologies, see *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005).

76.      The actions and/or inactions of Defendant WILLIAM FEDERSPIEL was expressly designed to intentionally or wantonly cause harm to Plaintiffs GERALD NOVAK and ADAM WENZEL due to the utter disregard of the constitutionally protected rights of Plaintiffs GERALD NOVAK and ADAM WENZEL.

**COUNT V**
**FOURTEENTH AMENDMENT – SUBSTANTIVE DUE PROCESS**
**42 U.S.C. § 1983**

77.      The previous allegations are re-alleged word for word herein.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

78.     Refusing to return the private property belonging to Plaintiffs GERALD NOVAK and ADAM WENZEL, in the absence of a valid justification or basis, makes the actions and/or inactions of Defendant WILLIAM FEDERSPIEL arbitrary and/or capricious and/or of such a character as to shock the consciousness of the court.

79.     Defendant WILLIAM FEDERSPIEL is liable pursuant to the *Monell* standard as flowing from the execution of a policy or custom pursuant one or more of the four recognized methodologies, see *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005).

80.     The actions and/or inactions of Defendant WILLIAM FEDERSPIEL was expressly designed to intentionally or wantonly cause harm to Plaintiffs GERALD NOVAK and ADAM WENZEL due to the utter disregard of the constitutionally protected rights of Plaintiffs GERALD NOVAK and ADAM WENZEL.

## RELIEF REQUESTED

81.     WHEREFORE, Plaintiffs GERALD NOVAK and ADAM WENZEL respectfully requests this Court to—

    a.     Enter a preliminary injunction and/or a claim-and-delivery order immediately restoring all thirteen firearms to Plaintiffs GERALD NOVAK and ADAM WENZEL;

    b.     Enter an order for an award of damages including nominal damages;

    c.     Enter an order for an award of punitive damages;

    d.     Enter an order for an award of actual reasonable attorney fees and litigation expenses pursuant to 42 U.S.C. § 1988 and all other applicable laws, rules, or statutes; and

    e.     Enter an order for all such other relief the court deems warranted and/or equitable.

## JURY DEMAND

82.     For all triable issues, a jury is hereby demanded.

Date: August 28, 2021                    RESPECTFULLY SUBMITTED:

/s/ Philip L. Ellison
OUTSIDE LEGAL COUNSEL PLC
BY PHILIP L. ELLISON (P74117)
Counsel for Plaintiffs
PO Box 107 · Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com