UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GERALD NOVAK and ADAM WENZEL,

        Plaintiffs,                           Case No. 1:21-cv-12008

v.                                              Honorable Thomas L. Ludington
                                                      United States District Judge

WILLIAM FEDERSPIEL,
in his official and personal capacities,

        Defendant.
_____/

**OPINION AND ORDER STAYING CASE**

This matter is before this Court upon Gerald Novak and Adam Wenzel's motion for a mandatory preliminary injunction as to Count II or, in the alternative, summary judgment as to Count II. ECF No. 2. For the reasons explained hereafter, this case will be stayed until resolution of Plaintiff's state-court appeal.

**I.**[1]

In October 2017, Mr. Benjamin Joseph Heinrich and his girlfriend, H., had a domestic dispute about their crying daughter at a hunting cabin in Merrill, Michigan. ECF Nos. 2 at PageID.35–36; 2-2 at PageID.48–49. Tired of the crying and drunk with a buddy, Heinrich threatened H. with a shotgun and made her "leave by gun point." ECF Nos. 2-2 at PageID.49; 2-5 at PageID.60. After H. left, "he put the gun back in the safe and walked out of the room." ECF No. 2-2 at PageID.49. Law enforcement officers from the Saginaw County Sheriff's Office ("the

---

[1] The facts in Part I are assumed true for the purposes of this Order. Defendant has yet to be served with a summons and has, therefore, not responded.

Sheriffs") and the Chesaning Police Department arrived and arrested Heinrich for "Domestic Violence and Felonious Assault with a gun." *Id.* at PageID.48.

At the scene, the Sheriffs seized the shotgun as evidence and 13 other firearms[2] "for safekeeping." *Id.* at PageID.48–49. In November 2018, Heinrich pleaded guilty to domestic violence in violation of Michigan Compiled Laws § 750.81(2). *See* ECF No. 2-4 at PageID.57–58. The Seventieth District Court of Saginaw County sentenced Heinrich to probation, which ended in January 2019. *Id.* at PageID.59.

Shortly before June 12, 2018, Plaintiffs, Heinrich's relatives,[3] began contacting the Sheriffs to retrieve the 13 seized firearms that Henrich stored but did not use when he threatened H.[4] *See* ECF No. 2-5 at PageID.60. Refusing to return Plaintiffs' firearms, the Sheriffs replied, "[T]oo bad, no proof of ownership"[5] and "[you] shouldn't trust a violent alcoholic to secure [your] guns." ECF No. 2-5 at PageID.60–61. The Sheriffs were in "no hurry," believing that "the longer [they] keep the guns, the better." *Id.* at PageID.61.

Next, Plaintiffs brought an action in the Tenth Circuit Court of Saginaw County under Michigan Court Rule 3.105 seeking "claim and delivery" of the 13 firearms. *Novak v. Saginaw*

---

[2] The police report contains an inventory list of the firearms that the Sheriffs seized. *See id.* at PageID.50–55. The firearm Heinrich used was a New England Firearms Pardner Model .410 GA shotgun: serial number NB218049. *See id.* at PageID.53. According to the police report, nine of the remaining firearms have serial numbers, but four do not. *See id.* at PageID.50–55. The firearms without a serial number are a "Dumoulin & Co" shotgun, a "Kodiak 260" rifle, a .22 caliber "Silver Remington Revolver pistol," and a "Remington 572" rifle. *See id.*
[3] The record reflects that Plaintiff Novak is Henrich's uncle and that Plaintiff Wenzel is Heinrich's step-cousin once removed. *See* ECF Nos. 2-5 at PageID.61; 2-6 at PageID.63
[4] Confusingly, Plaintiffs claim they stored the 14 firearms at the hunting cabin in which Heinrich lived yet claim "they were never given to, put in possession of, or provided to Mr. Heinrich in any way." ECF No. 1 at PageID.3; *see also* ECF No. 2-6 at PageID.63.
[5] Plaintiffs concede that they are "unable to document ownership of these firearms," some of which are "family heirlooms." ECF No. 2-6 at PageID.63, 64, 65.

*Cnty. Sheriff*, No. 19-039371-PD (Mich. Cir. Ct. Saginaw Cnty. May 13, 2019), *in* ECF No. 2-9 at PageID.81–90.

The Saginaw County Circuit Court dismissed their action without prejudice based on both the merits of the "claim and delivery" action and for lack of subject-matter jurisdiction. *See id.* at PageID.89. To that end, the court noted the Sheriff's suggestion that Michigan Compiled Laws § 600.4705(1)[6] "provides a specific statutory remedy" that Plaintiffs must use to retrieve the 13 firearms. *See id.* at PageID.84.

Plaintiffs then sought the same "claim and delivery" relief from the Seventieth District Court of Saginaw County, which dismissed Plaintiffs' requested relief on other grounds. *See Novak v. Saginaw Cnty. Sheriff's Off.*, No. 21-0781-GZ (70th Mich. Dist. Ct. Feb. 24, 2021), *in* ECF No. 2-10 at PageID.91 (Order Regarding Mots. for Summ. Disposition) ("[T]he Saginaw County Sheriff's Office is not a legal entity subject to suit and Plaintiffs' Claim and Delivery action is barred by governmental immunity.").

Yet Plaintiffs did not seek to amend their existing complaints or file a new claim under § 600.4705(1). Instead, while seeking the appropriate citations for the state-court judgments, this Court learned that Plaintiffs appealed both of the Saginaw County Courts' Orders. *See Novak v.*

---

[6] Section 600.4705(1) is Michigan's forfeiture provision and provides that:

> A person who did not have prior knowledge of, or consent to the commission of, the crime, or a transferee under section 4703(7), may move the court having jurisdiction to return the property or discharge the lien on the grounds that the property was illegally seized, that the property is not subject to forfeiture under this chapter, or that the person has an ownership or security interest in the property and did not have prior knowledge of, or consent to the commission of, the crime, or acquired an ownership or security interest by a transfer that is not void under section 4703(7). The court shall hear the motion within 28 days after the motion is filed.

MICH. COMP. LAWS § 600.4705(1).

*Saginaw Cnty. Sheriff's Off.*, No. 21-045333-AV (Mich. Cir. Ct. Saginaw Cnty. September 3, 2021).[7]

While the appeal in the Saginaw County Circuit Court was pending, Plaintiffs filed a complaint in this Court seeking "claim and delivery" of the 13 firearms. ECF No. 1. Plaintiffs contend that, after Henrich's probation ended, Defendant William Federspiel "had no lawful basis to *retain* possession of the thirteen firearms." *Id.* at PageID.5 (emphasis added). To that end, Plaintiffs have alleged five counts: Defendant's refusal to *return* the firearms (1) violates the Fourth Amendment; (2) warrants a "claim-and-delivery / replevin judgment" under state law; (3) is a taking under the Fifth and Fourteenth Amendment; (4) violates procedural due process under the Fourteenth Amendment; and (5) violates substantive due process under the Fourteenth Amendment. *See* ECF No. 1 at PageID.6–13.

Before serving Defendant with the Complaint or the Summons, Plaintiffs filed a motion seeking a preliminary injunction or, in the alternative, summary judgment. ECF No. 2. This Court will stay this case, as Plaintiffs' pending appeal is parallel to the suit they brought in this Court, and the *Colorado River* abstention factors weigh in favor of a stay.

**II.**

As with other forms of abstention, this Court may decline jurisdiction sua sponte under *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). *Louisiana*

---

[7] When true parallel litigation exists, preclusion applies because the "litigants 'properly invoke[] concurrent jurisdiction.'" *RLR Invs., LLC v. City of Pigeon Forge*, 4 F.4th 380, 394 (6th Cir. 2021) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 292 (2005). But preclusion and the *Rooker–Feldman* doctrine are not mutually exclusive. *Exxon Mobil*, 544 U.S. at 284. When the litigants seek review and rejection of state-court judgments that caused the injury, *Rooker–Feldman*'s jurisdictional bar governs. *RLR*, 4 F.4th at 394. Incidentally, this case falls within the intersection of preclusion, abstention, and *Rooker–Feldman*, as there have been two final state-court judgments and there is a pending state-court appeal on the same claim that is now before this Court with constitutional claims brought under § 1983.

*Power & Light v. Thibodaux*, 360 U.S. 25 (1959) (finding that the district court has the right to raise abstention sua sponte); *see Bellotti v. Baird*, 428 U.S. 132, 143 n.10 (1976); *Chellman-Shelton v. Glenn*, 197 F. App'x 392, 393 (6th Cir. 2006) (acknowledging lower court's sua sponte invocation of *Colorado River* abstention); *see also Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) ("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*.").

*Colorado River* abstention applies to "a claim that is already the subject of a pending state-court case." *RSM Richter, Inc. v. Behr Am., Inc.*, 729 F.3d 553, 556 (6th Cir. 2013). The *Colorado River* doctrine is premised on "considerations of judicial economy and federal-state comity." *Romine v. Compuserve Corp.*, 160 F.3d 337, 339 (6th Cir. 1998). Although federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them, considerations of judicial economy and federal-state comity may justify abstention in situations involving the contemporaneous exercise of jurisdiction by state and federal courts." *Id.* (quoting *Colo. River*, 424 U.S. at 817).

The *Colorado River* analysis has two steps: First, this Court must determine whether the state and federal proceedings are parallel. *Id.* If they are not parallel, this Court should not abstain. If they are parallel, this Court must weigh eight factors to determine whether abstention is merited. *Id.* at 340–41.

**A.**

These proceedings are parallel under *Colorado River* abstention because the proceedings on Plaintiffs' state-court "claim and delivery" action are predicated on "the same allegations as to the same material facts" as the state and federal claims they brought in this Court. *See Healthcare Co. v. Upward Mobility, Inc.*, 784 F. App'x 390, 394 (6th Cir. 2019).

As indicated, *supra* Section I; *infra* Section III.B, the state and federal proceedings involve the same legal theories for recovery: "claim and delivery." Parallelism does not require identical causes of action in the state and federal lawsuits. *Healthcare Co.*, 784 F. App'x at 394. When the federal claims are "predicated on the same allegations as to the same material facts . . . the actions must be considered 'parallel' for the purposes of the *Colorado River* abstention doctrine." *Romine*, 160 F.3d at 340.

Even if the federal lawsuit is broader owing to Plaintiffs' additional constitutional claims, the proceedings are nevertheless "substantially similar." *Id.* Adjudication of either Plaintiffs' constitutional claims or their "claim and delivery" claim will require this Court to determine issues that are dispositive of their state-level "claim and delivery" claim. To the extent the new federal claims and the previous state-law claim differ, they seek the same relief: return of the 13 firearms or compensation instead. In this way, proceedings in both courts are "predicated on the same allegations as to the same material facts." *Id.*; *Healthcare Co.* 784 F. App'x at 394 ("That the two parties pursue separate legal theories is of no consequence.").

Notably, the parties in the two proceedings are not identical. Plaintiffs named the Saginaw County Sheriff's Department as a defendant in the state courts but not in this Court. Yet parallelism for *Colorado River* abstention purposes does not require the parties in the state and federal proceedings to be the same. *See, e.g.*, *Preferred Care of Del., Inc. v. VanArsdale*, 676 F. App'x 388, 394 (6th Cir. 2017) ("Even if, as [Appellant] argues, the state suit includes parties . . . beyond those in the federal suit, this court has nonetheless held that such [a] difference[] will not upset an otherwise substantial symmetry between a federal and state action."). Moreover, Plaintiffs and Defendant in this case are parties in both the federal and state proceedings. That is enough for "substantial symmetry." *Id.; Healthcare Co.*, 784 F. App'x at 395. "If the rule were otherwise, the

*Colorado River* doctrine could be entirely avoided by the simple expedient of naming additional parties." *Romine*, 160 F.3d at 340 (quoting *Lumen Constr., Inc. v. Brant Constr. Co.*, 780 F.2d 691, 695 (7th Cir.1985)).

For those reasons, the state and federal proceedings are parallel.

**B.**

Because the proceedings are parallel, this Court must consider eight factors:

> (1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation . . . (4) the order in which jurisdiction was obtained. . . . (5) whether the source of governing law is state or federal; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; and (8) the presence or absence of concurrent jurisdiction.

*Id.* at 340–41 (citations omitted). These factors do not constitute "a mechanical checklist." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983). Indeed, courts should "careful[ly] balanc[e] the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Id.*

Factors one and two weigh against abstention. First, neither court has assumed jurisdiction over any res or property. Second, the Saginaw County Court and this Court are merely 13 miles apart; Plaintiffs would have to drive roughly 17 more minutes (from the location where the Sheriffs seized the firearms) to reach this Court. *See Bates v. Van Buren Twp.*, 122 F. App'x 803, 807 (6th Cir. 2004) (holding that when no res was involved and "there is no reason to think the federal forum is less convenient," the factors weigh against abstention).

The other six factors weigh in favor of abstention.

The third factor weighs in favor of abstention. The state court will determine whether the Sheriffs are unlawfully withholding Plaintiffs' firearms in adjudicating their "claim and delivery"

- 7 -

claim, because the court must identify to whom the firearms belong. *See Healthcare Co.*, 784 F. App'x at 396. If both actions were permitted to go forward, two courts would be adjudicating the same legal issue—classic piecemeal litigation. *Cf. Cass River Farms, LLC v. Hausbeck Pickle Co.*, 2016 WL 5930493, at *6 (E.D. Mich. Oct. 12, 2016) ("If the Court were to exercise jurisdiction, the contracts between the parties would be interpreted twice and potentially in contradictory ways. That result would not only waste of judicial resources, but it would also harm the legitimacy of the court system." (quoting *Romine*, 160 F.3d at 341)).

The fourth factor also weighs in favor of abstention. Plaintiffs filed the second state suit (pending appeal) six months before this federal case and the first state suit (consolidated on appeal) 27 months before. *Healthcare Co.*, 784 F. App'x at 396 (citing *Bates*, 122 F. App'x at 807).

The fifth factor weighs in favor of abstention because Michigan law would govern the main relief sought: Plaintiffs' "claim and delivery" claim. *Id.* Michigan law would also govern the property rights implicated by their Fourth and Fourteenth Amendment claims. *Id.*

The sixth factor weighs in favor of abstention because the state court is adequate to adjudicate the state-law "claim and delivery" action. *Id.* Indeed, there is no legitimate reason why the state court cannot adequately adjudicate the state-law dispute. *Id.*

The seventh factor similarly weighs in favor of abstention. The state proceedings have progressed much further, having gone through a court that lacked subject-matter jurisdiction, a second invoking sovereign immunity, and a third currently hearing the consolidated appeal. Moreover, the state circuit court opined on the merits of Plaintiffs' state-law claim. By contrast, the federal claims have seen zero progress thus far. Indeed, Plaintiffs have yet to serve Defendant with *any* sort of process, including the summons they issued. *See* ECF No. 4. And this case involves a much longer delay than those in *Romine* and *Healthcare Co.* and a greater disparity

between the relative advancement of the state and federal proceedings. *Bates v. Van Buren Twp.*, 122 F. App'x 803, 808 (6th Cir. 2004).

Finally, the eighth factor weighs in favor of abstention because there is no exclusive federal jurisdiction over any of the claims at issue in the federal case. *Gulf Offshore Co. v. Mobil Oil Corp.*, 453 U.S. 473, 477–78 (1981); *Healthcare Co.*, 784 F. App'x at 396 ("[T]he presence of concurrent jurisdiction . . . counsels in favor of abstention." (quoting *Preferred Care of Del., Inc. v. VanArsdale*, 676 F. App'x 388, 397 (6th Cir. 2017))).

In conclusion, two factors weigh against abstention, and six factors weigh in favor of abstention. The weight of the factors is in favor of abstention, so this Court will abstain. In so holding, this Court recognizes that abstention "is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976). Still, abstention is warranted because the driving principle of *Colorado River* abstention is "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Id.* at 817 (quoting *Kerotest Mfg. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)). Hearing the merits of Plaintiffs' case would contravene the spirit of *Colorado River* abstention because the primary issue in the federal litigation will be decided by a state proceeding that was filed first, is governed by state law, and is much further along than the federal proceeding. *Healthcare Co.*, 784 F. App'x at 396.

## C.

Having found that *Colorado River* abstention is appropriate, the remaining issue is whether the case should be dismissed or stayed. *Bates*, 122 F. App'x at 808. The Sixth Circuit has voiced a preference for stays. *Id.* (collecting cases). For reasons of judicial efficiency, not imputing a new

filing fee, and not risking the loss of Plaintiffs' claims to any statute of limitations, this Court will stay rather than dismiss Plaintiffs' case until resolution of their pending state-court appeal. *Id.* at 809.[8]

### III.

Although this case will be stayed under *Colorado River* abstention, this Court has a remaining concern about whether it may exercise jurisdiction over this case under the United States Supreme Court's decisions in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and their progeny. The *Rooker–Feldman* doctrine "prevents lower federal courts from reviewing state court judgments." Howard M. Erichson, *Interjurisdictional Preclusion*, 96 MICH. L. REV. 945, 1012 n.336 (1998). Because Plaintiffs disclosed only the final state-court judgments and not the pending state-court appeal, this Court bases its *Rooker–Feldman* analysis only on those judgments.

### A.

Courts may raise *Rooker–Feldman* sua sponte at any time because it concerns federal subject-matter jurisdiction. *Saker v. Nat'l City Corp.*, 90 F. App'x 816, 818 n.1 (6th Cir. 2004) (citing *Franzel v. Kerr Mfg.*, 959 F.2d 628, 630 (6th Cir. 1992)).

In general, *Rooker–Feldman* precludes "lower federal courts . . . from exercising appellate jurisdiction over final state-court judgments," *Marks v. Tennessee*, 554 F.3d 619, 622 (6th Cir. 2009) (cleaned up), "because [28 U.S.C.] § 1257, as long interpreted, vests authority to review a state court's judgment solely in [the United States Supreme] Court," *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 292 (2005). But the *Rooker–Feldman* doctrine does not bar "a district

---

[8] Because this Court is staying the case based on *Colorado River* abstention, it need not opine on whether other abstention doctrines are more appropriate. Yet both *Pullman* abstention and *Thibodaux* abstention also seem relevant at this stage.

- 10 -

court from exercising subject-matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court." *Id.* at 293.

The doctrine applies only to the "narrow ground" of "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 284; *VanderKodde v. Mary Jane M. Elliott, P.C.*, 951 F.3d 397, 406 (6th Cir. 2020) (Sutton, J., concurring) ("The key words are 'review' and 'judgments.'"). The doctrine does not apply to "a general challenge to the constitutionality of the state law applied in the state action, rather than a challenge to the law's application in a particular state case." *Carter v. Burns*, 524 F.3d 796, 798 (6th Cir. 2008). *Rooker–Feldman* is "about one thing and one thing alone: efforts to evade Congress's decision to funnel all appeals from final state court decisions to the United States Supreme Court." *VanderKodde*, 951 F.3d at 406–07 (Sutton, J., concurring).

Courts thus determine whether *Rooker–Feldman* bars a claim by looking to the "source of the injury the plaintiff alleges in the federal complaint." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006). In this way, "[i]f there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." *Lawrence v. Welch*, 531 F.3d 364, 368 (6th Cir. 2008), *cert. denied* 558 U.S. 876 (2009); *see also Hamilton v. Herr*, 540 F.3d 367, 372 (6th Cir. 2008) ("[W]hat the *Rooker–Feldman* doctrine primarily bars are claims that seek relief from injury caused by the state court judgment.") (cleaned up). But if the source of Plaintiffs' injury is the state-court judgment itself, then the *Rooker–Feldman* doctrine bars their federal claim. *McCormick*, 451 F.3d at 393.

This Court must determine the source of Plaintiffs' injury with "reference to [their] request for relief." *Evans v. Cordray*, 424 F. App'x 537, 539 (6th Cir. 2011); *see also VanderKodde*, 951 F.3d at 402 (same).

## B.

The circumstance of this case is similar to a child soliciting a "yes" from one seemingly unaware parent after the other parent has answered "no." But these parents talk. Granted, abstention seems to be the more appropriate vehicle given Plaintiffs' pending state-court appeal.[9] But Plaintiffs neither disclosed nor requested judicial notice of that appeal.

In the 105 pages of Plaintiffs' initial pleadings, there is not even a whisper of their pending appeal. That omission suggests that Plaintiffs are "state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 284 (2005). Plaintiffs have bolstered that suggestion by filing a motion seeking adjudication of only the "claim and delivery" claim they lost in the state courts. Plaintiffs may not forum shop their way around *Rooker–Feldman*, narrow as it is.

Plaintiffs concede that the 13 firearms were lawfully *seized*. Instead, Plaintiffs' argue that the 13 firearms are being unlawfully *withheld*. See ECF No. 1 at PageID.13 (Pls.' Compl.) ("Plaintiffs . . . respectfully requests this Court to [e]nter a preliminary injunction and/or a claim-and-delivery order immediately *restoring* all thirteen firearms to Plaintiffs.") (emphasis added); ECF No. 2 at PageID.44 (Pls.' Mot.) ("[T]he Court is requested to grant a preliminary injunction

---

[9] This Court may take judicial notice of "judicial opinions and court filings in other cases." *Tippins v. NWI-1, Inc.*, No. 116CV10140TLLPTM, 2016 WL 8232836, at *2 (E.D. Mich. June 17, 2016), *report and recommendation adopted*, No. 16-CV-10140, 2016 WL 4253885 (E.D. Mich. Aug. 12, 2016), *aff'd*, No. 16-2630, 2017 WL 5664901 (6th Cir. Oct. 11, 2017); *see also Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) (same); *supra* note 8.

(or alternatively summary judgment with entry of an early Rule 54(b) judgment) ordering Defendant to *cease possession* of Plaintiffs' 13 firearms and command their immediate return to Plaintiffs.") (emphasis added). Indeed, the nature of an action for "claim and delivery" is to obtain property unlawfully withheld; the lawful nature of the seizure is irrelevant. *Cf. Fox v. Van Oosterum*, 176 F.3d 342, 351 (6th Cir. 1999) (holding that "an initial lawful seizure of a piece of property followed by a refusal to return that property" is not a seizure).

Plaintiffs sought "claim and delivery" of the 13 firearms from the state courts under Michigan law. *See Novak v. Saginaw Cnty. Sheriff*, No. 19-039371-PD (Mich. Cir. Ct. Saginaw Cnty. May 13, 2019), *in* ECF No. 2-9 at PageID.83 ("Plaintiffs seek . . . the Court's issuance of a 'claim and delivery' order pursuant to MCL 600.920(1) and MCR 3.105(A)(1)."); *Novak v. Saginaw Cnty. Sherriff's Off.*, No. 21-0781-GZ (70th Mich. Dist. Ct. Feb. 24, 2021), *in* ECF No. 2-10 at PageID.91 (same).

But the state courts denied Plaintiffs "claim and delivery" relief. First, the Saginaw County Circuit Court held that Plaintiffs were not entitled to relief based on Michigan's "claim and delivery" statute. ECF No. 2-9 at PageID.89. Later, the Seventieth District Court denied them "claim and delivery" relief based on sovereign immunity. ECF No. 2-10 at PageID.91.

Then, without disclosing their pending state-court appeal, Plaintiffs filed a motion in this Court seeking the same relief under the same state law that the state courts denied them: "claim and delivery" under Michigan law. Thus, Plaintiffs have not challenged the constitutionality of Michigan's "claim and delivery" statute but its application to them in this particular case. *See Carter v. Burns*, 524 F.3d 796, 798 (6th Cir. 2008). That is, Plaintiffs argue they would not be injured but for the state courts' state-law-based judgments. *See RLR Invs., LLC v. City of Pigeon Forge*, 4 F.4th 380, 388, 394 (6th Cir. 2021) (applying *Rooker–Feldman* when plaintiff "would

only prevail on its § 1983 claims or its constitutional claims if the state court were wrong, so the Order is the source of the injury").

In that vein, because Plaintiffs' four federal claims seek the same relief, they "allege an injury predating the state-court's judgments but which are still 'inextricably intertwined' with state-court judgments." *See Howard v. Whitbeck*, 382 F.3d 633, 639 (6th Cir. 2004); *see also Anderson v. Charter Twp. Of Ypsilanti*, 266 F.3d 487–93 (6th Cir. 2001) ("[T]he federal claim is inextricably intertwined with the state-court judgment if the federal claim succeeds only to the extent the state court wrongly decided the issues before it." (quoting *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987) (Marshall, J., concurring))).

Of course, *Rooker–Feldman*'s litmus is "whether the plaintiff's injury stems from the state-court judgment, not whether the claims are identical." *Id.* at 388. Presumably, then, in ordinary circumstances courts should look to the text of the relief the plaintiff articulates. Under that lens, it is usually clear whether the plaintiff is asking the court to overturn a state-court judgment.

But an intentional omission of parallel litigation seeking the same relief would be the telltale that Plaintiffs believe the Sheriffs are *now* keeping the firearms because of the state-court judgments. In this way, before the state-court judgments, Plaintiffs' injury was "caused by" the Sheriffs, but now Plaintiffs alleged their injury is "caused by" each of the state-court judgments because they allowed the Sheriffs to keep the firearms. *RLR Invs.*, 4 F.4th at 388–89 (applying *Rooker–Feldman* when plaintiff sought relief from conduct of defendant that was "a consequence of the [state's] Order"); *see Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280 (2005); *Hake v. Simpson*, 770 F. App'x 733, 736 (6th Cir. 2019) ("'[I]f a third party's actions are the product of a state court judgment, then a plaintiff's challenge to those actions [is] in fact a challenge to the judgment itself.'" (quoting *Abbott v. Michigan*, 474 F.3d 324, 329 (6th Cir. 2007))); *see also*

*Edwards v. Thornton*, 413 F. App'x 802, 804 (6th Cir. 2011) (per curiam) (applying *Rooker–Feldman* when the third-party's action "was a strict execution of the state-court judgment").

Under those facts, to rule in Plaintiffs' favor, this Court would have to impermissibly reverse both state courts' judgments and decide an issue of Michigan law before the Michigan courts. *Givens v. Homecomings Fin.*, 278 F. App'x 607, 609 (6th Cir. 2008) (holding that when "the point of [a] suit is to obtain a federal reversal of a state court decision, dismissal on the grounds of *Rooker–Feldman* [is] appropriate"); *cf. Berry v. Schmitt*, 688 F.3d 290, 300 (6th Cir. 2012).

Dismissing Plaintiffs' Complaint, therefore, seems consistent with the principles of federalism and the *Exxon Mobil* Court's intent for *Rooker–Feldman* to apply narrowly. *See Hake*, 770 F. App'x at 736; *see also Hancock v. Miller*, 852 F. App'x 914, 923 (6th Cir. 2021) ("Because [Plaintiff] challenged a state court order and actions that flowed directly from its mandate, the district court ha[s] no jurisdiction over these claims."); *cf. United States v. Osborne*, 807 F. App'x 511, 524–26 (6th Cir. 2020).[10]

Indeed, Plaintiffs filed a claim in this Court without disclosing parallel litigation that seeks the same relief. Yet this Court will give Plaintiffs the benefit of the doubt because the record does not indicate trickery. *Cf. Cox v. Rivard*, No. 12-CV-15665, 2015 WL 5093337, at *2 (E.D. Mich. Aug. 28, 2015) (citing *Cullen v. Pinholster*, 563 U.S. 170, 196 (2011)); LEO TOLSTOY, WAR AND PEACE 449 (Louise Maude & Aylmer Maude trans., Everyman's Library 1992) (1867) ("All we can know is that we know nothing. And that's the height of human wisdom.").

For that reason and the risk of impermissibly attributing an exaptation to the *Rooker–Feldman* doctrine, this Court will rely on *Colorado River* abstention instead.

---

[10] Because Plaintiffs' case is stayed under *Colorado River* abstention, this Court declines to address the issue of whether Plaintiffs have properly stated their constitutional claims.

## IV.

Accordingly, it is **ORDERED** that this case is **STAYED** until the disposition of the appeal in *Novak v. Saginaw County Sheriff's Office*, No. 21-045333-AV (Mich. Cir. Ct. Saginaw Cnty. September 3, 2021).

Dated: November 9, 2021                              s/Thomas L. Ludington
                                                     THOMAS L. LUDINGTON
                                                     United States District Judge