# UNITED STATES COURT OF APPEALS
### FOR THE SIXTH CIRCUIT

Deborah S. Hunt
Clerk

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed: August 02, 2022

Mr. Douglas J. Curlew
Cummings, McClorey, Davis & Acho
17436 College Parkway
Third Floor
Livonia, MI 48152

Mr. Philip Lee Ellison
Outside Legal Counsel
P.O. Box 107
Hemlock, MI 48626

Re: Case No. 21-1722, *Gerald Novak, et al v. William Federspiel*
Originating Case No. : 1:21-cv-12008

Dear Counsel,

The Court issued the enclosed opinion today in this case.

Enclosed are the court's unpublished opinion and judgment, entered in conformity with Rule 36, Federal Rules of Appellate Procedure.

Sincerely yours,

s/Cathryn Lovely
Opinions Deputy

cc: Ms. Kinikia D. Essix

Enclosures

Mandate to issue

NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0317n.06

Case No. 21-1722

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |
|---|---|
| GERALD NOVAK; ADAM WENZEL,<br><br>    Plaintiffs-Appellants,<br><br>v.<br><br>WILLIAM L. FEDERSPIEL, in his official and personal capacities,<br><br>    Defendant-Appellee. | FILED<br>Aug 02, 2022<br>DEBORAH S. HUNT, Clerk<br><br>ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN<br><br>O P I N I O N |

Before: SUTTON, Chief Judge; COLE and DONALD, Circuit Judges.

COLE, Circuit Judge. In 2017, Saginaw County sheriff's deputies seized 14 firearms after a domestic dispute at a deer-hunting cabin. In 2019 and 2021, the purported owners of those firearms unsuccessfully sued the "Saginaw County Sheriff's Office" in Michigan state court to get the firearms back. Tired of waiting, the firearm owners sued the Saginaw County Sheriff, William Federspiel, in federal court. There, they sought damages under 42 U.S.C. § 1983 and again requested the immediate return of their firearms under Michigan state law. Before Federspiel could be served with the complaint, the firearm owners moved for a preliminary injunction on their state law claim. Rather than deny the motion or await Federspiel's reply, the district court stayed the entire case under *Colorado River*. The firearm owners appealed, arguing the district court was

wrong to abstain.  Because the state and federal proceedings are not parallel, we agree. Accordingly, we reverse the district court's stay and remand for further proceedings.

I.

The facts are few and largely undisputed.  On October 23, 2017, Saginaw County sheriff's deputies responded to a domestic dispute at a deer-hunting cabin in rural Michigan.  They arrested the alleged aggressor (who is not a party to this action) at the scene and seized the firearm he leveled at his partner.  Deputies also took thirteen other firearms they found in the cabin for "safe keeping." (Police Report, R. 2-2, PageID 49.)  Two years later, the purported owners of those firearms—Gerald Novak and Adam Wenzel—came calling, seeking the firearms' return.  But there was just one problem: neither Novak nor Wenzel could provide proof of ownership.  As a result, the Saginaw County sheriff's office refused to give them the firearms.

And so the lawsuits began.  In 2019, Novak and Wenzel first brought a Michigan replevin action (conventionally called "claim-and-delivery") against the "Saginaw County Sheriff's Office" in Saginaw County's Tenth Circuit Court.  After allowing Novak and Wenzel to amend their complaint to add the "Saginaw County Sheriff" in his official capacity as a defendant, the Tenth Circuit Court concluded it lacked jurisdiction over the case and advised the plaintiffs that the state district court "ha[d] jurisdiction over such proceedings." (Tenth Cir. Ct. Op. & Order Granting Summ. Disposition to Defs., R. 11-15, PageID 1141–44.)

Undeterred, Novak and Wenzel filed a second state suit for claim-and-delivery against the sheriff's office alone in Michigan's 70th Judicial District Court in 2021.  In a one-page "final Order," the 70th Judicial District Court granted summary disposition to the sheriff's office after concluding it was "not a legal entity subject to suit" and the claim-and-delivery action was "barred by governmental immunity." (70th Judicial Dist. Ct. Order Granting Summ. Disposition to Def.,

R. 11-24, PageID 1252.)  Novak and Wenzel appealed that loss to the Tenth Circuit Court in September 2021, where it remains pending.

In August 2021, Novak and Wenzel filed a 42 U.S.C. § 1983 action in federal court against Sheriff Federspiel (in both his individual and official capacities) alleging four violations of their rights under the United States Constitution.  And just as in their state court actions, they sought the immediate return of their alleged firearms under Michigan claim-and-delivery.  A week and a half after filing their complaint, Novak and Wenzel moved for a preliminary injunction (or, in the alternative, summary judgment) on the claim-and-delivery claim.

Rather than rule on the preliminary injunction, the district court sua sponte stayed the case pursuant to *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). *Novak v. Federspiel*, No. 1:21-cv-12008, 2021 WL 5198521, at *5 (E.D. Mich. Nov. 9, 2021). Novak and Wenzel appealed.

II.

We have jurisdiction to review the district court's stay under the collateral order doctrine. *See, e.g.*, *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 276–77 (1988); *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983).

Generally, "[p]arallel state-court proceedings do not detract" from a federal court's "virtually unflagging" obligation to "hear and decide a case." *Sprint Commc'ns., Inc. v. Jacobs*, 571 U.S. 69, 77 (2013) (quoting *Colorado River*, 424 U.S. at 817).  For that reason, *Colorado River* abstention is appropriate only when: (1) the state and federal proceedings are parallel and (2) *Colorado River*'s eight factors weigh in favor of abstention.  *Romine v. Compuserve Corp.*, 160 F.3d 337, 340–41 (6th Cir. 1998).  We review a district court's decision to abstain de novo. *RSM Richter, Inc. v. Behr Am., Inc.*, 729 F.3d 553, 557 (6th Cir. 2013).

We begin and end with parallelism. To be parallel, state court proceedings need not be identical; they need only be "substantially similar." *Romine*, 160 F.3d at 340. To assess substantial similarity, we consider the parties involved, the underlying factual allegations, the claims asserted, and the requested relief. *See id.*; *see also Crawley v. Hamilton Cnty. Comm'rs*, 744 F.2d 28, 31 (6th Cir. 1984).

At first blush, the state and federal court actions seem to run together. Both cases indisputably rest on the banks of the same facts. And, although Novak and Wenzel claim their state and federal cases are not parallel because they proceed against "totally different party-defendants," (Appellant Br. 11), the parties are substantially similar, too. For one thing, they concede that their claims against Federspiel in his official capacity are really against his office, which mirrors the state court action. (*Id.* at 12 n.5.) And for another, Federspiel's personal interests are congruent with those of his office, which is enough to support parallelism under our precedent. *See Romine*, 160 F.3d at 340. But that is where parallelism ends.

Novak and Wenzel's claims and requests for relief vary between the state and federal actions so much so that the state court cannot serve as "an adequate vehicle for the complete and prompt resolution of the issues between the parties," as *Colorado River* abstention requires. *Moses H. Cone*, 460 U.S. at 28. In state court, Novak and Wenzel brought one replevin action requesting the immediate return of their firearms. Conversely, their federal suit included § 1983 damages claims for: (1) unlawful retention of property under the Fourth Amendment; (2) unlawful taking without just compensation in violation of the Fifth and Fourteenth Amendments; (3) deprivation of procedural due process; and (4) violation of substantive due process, in addition to (5) the firearms' return under Michigan claim-and-delivery. Because our review of the claims is confined to those that were *actually raised* in each complaint rather than those that *could* have been raised,

see *Baskin v. Bath Twp. Bd. of Zoning Appeals*, 15 F.3d 569, 572 (6th Cir. 1994), these discrepancies between the cases would leave issues among the parties unresolved.

For that reason, the district court erred when it concluded the resolution of Novak and Wenzel's federal claims would "require" the court to decide issues dispositive of their claim-and-delivery claim. *Novak*, 2021 WL 5198521, at *3. Consider, for example, their cause of action under the Fourth Amendment. In their federal complaint, Novak and Wenzel explicitly acknowledged that, "[u]nder binding precedent," our court "has rejected that a claim under the Fourth Amendment exists" for unlawful retention. (Compl., R. 1, PageID 6–7 (citing *Fox v. Van Oosterum*, 176 F.3d 342, 349–352 (6th Cir. 1999).) This claim could have been adjudicated without considering any issue bearing on the claim-and-delivery claim, and it is the district court's obligation to do so. *See Colorado River*, 424 U.S. at 817–18. That fact, however, does not diminish the district court's inherent power to manage its docket and stay the resolution of discrete claims until after the state court's proceedings have come to a close. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Walker v. Cedar Fair, L.P.*, 520 F. Supp. 3d 925, 931–32 (N.D. Ohio 2021) (finding *Colorado River* abstention inappropriate but staying state law claims pending resolution in state court).

Similarly, the district court's summation that both cases sought "the same relief" ignored critical differences between the two. *Novak*, 2021 WL 5198521, at *3. As we have acknowledged, two actions are less likely to be parallel when the parties seek "different relief," even when they "arise out of the same basic facts[.]" *Baskin*, 15 F.3d at 572. Again, in the state suit, Novak and Wenzel sought only the firearms' return. They explicitly disclaimed any damages action. Conversely, in federal court, they seek the immediate return of the firearms as well as compensatory damages, punitive damages, interest, and attorney fees in connection with their

- 5 -

No. 21-1722, *Novak v. Federspiel*

federal constitutional claims.  So, even if the firearms are returned, Novak and Wenzel may not be made whole by the state court's ruling.

Under these circumstances, the proceedings are not parallel and the district court abused its discretion by abstaining.  *Moses H. Cone*, 460 U.S. at 28.  Because the proceedings are not parallel, we need not consider whether *Colorado River*'s factors weigh in favor of abstention.  *See Baskin*, 15 F.3d at 572.

Wading out of *Colorado River*'s waters, we pause to address Federspiel's two final arguments: that the federal case is barred by res judicata, and even if it is not, it should be dismissed under the *Rooker-Feldman* doctrine.  First, Federspiel's res judicata argument is premature; it is more properly raised as an affirmative defense before the district court, *see* Fed. R. Civ. P. 8(c)(1), or in a motion to dismiss.  *See Westwood Chem. Co. v. Kulick*, 656 F.2d 1224, 1227–29 (6th Cir. 1981).  And second, his *Rooker-Feldman* invocation fails to fall within that doctrine's narrow strictures.  The *Rooker-Feldman* doctrine is limited to cases: (1) brought by "state-court losers" (2) who complain "of injuries caused by state-court judgments," which were (3) "rendered before the federal district court proceedings commenced" and (4) invite the federal district court to "review and reject[ ]" the state court's judgment.  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  Here, Federspiel's *Rooker-Feldman* argument fails at prong two.  Novak and Wenzel's complaint reveals their injury was caused by the allegedly unlawful seizure and retention of their firearms—not the Michigan state court's judgment.  Because the state court's judgment does not give rise to this suit, the case should not be dismissed under *Rooker-Feldman*.

III.

We reverse the district court's stay and remand for further proceedings.

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

No. 21-1722

GERALD NOVAK; ADAM WENZEL,

    Plaintiffs - Appellants,

v.

WILLIAM L. FEDERSPIEL, in his official and personal capacities,

    Defendant - Appellee.

**FILED**
Aug 02, 2022
DEBORAH S. HUNT, Clerk

Before: SUTTON, Chief Judge; COLE and DONALD, Circuit Judges.

# JUDGMENT

On Appeal from the United States District Court
for the Eastern District of Michigan at Bay City.

THIS CAUSE was heard on the record from the district court and was argued by counsel.

IN CONSIDERATION THEREOF, it is ORDERED that the district court's stay is REVERSED, and the case is REMANDED for further proceedings consistent with the opinion of this court.

**ENTERED BY ORDER OF THE COURT**

Deborah S. Hunt, Clerk