UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GERALD NOVAK and ADAM WENZEL,

        Plaintiffs,                      Case No. 1:21-cv-12008

v.                                         Honorable Thomas L. Ludington
                                                      United States District Judge
WILLIAM L. FEDERSPIEL,
in his official and personal capacities,

        Defendant.
_____/

**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION OF DENIAL
OF PAGE-LIMIT EXTENSION**

Plaintiffs seek the immediate return of firearms that they allegedly own. ECF No. 1.

On August 31, 2022, Plaintiffs filed an *ex parte* motion to add two pages to their reply to Defendant's response to Plaintiffs' Motion for Summary Judgment or Preliminary Injunction. *See* ECF No. 22. Plaintiffs asserted two additional pages are necessary "to adequately explain the erroneous thinking and analysis of" "the vast number of attempted (but improper) justifications by [Defendant] in his 26-page brief." *Id.* at PageID.1629–30.

But they did not provide good cause for two additional pages, so their motion was denied. ECF No. 23.

Hours later, rather than truncating their drafted reply brief by two pages to comply with the local rules, Plaintiffs filed a 19-page motion for reconsideration. *See generally* ECF No. 24.

Motions for reconsideration of nonfinal orders are disfavored and may be granted in only three circumstances: (1) a mistake that changes the outcome of the prior decision, (2) an intervening change in controlling law that warrants a different outcome, or (3) new facts that warrant a different outcome. E.D. Mich. LR 7.1(h)(2).

Plaintiff has not introduced new facts or intervening law. *See generally* ECF No. 24.

The only "palpable defect" that Plaintiffs advance is that they should get a three-page extension because Defendant got a two-page extension. *See* ECF No. 24 at PageID.1637–38. Defendant did receive a two-page extension. *See* ECF No. 21.

But Defendant's request was granted because he had only 25 pages to address the 140 pages in Plaintiffs' four motions: (1) Plaintiffs' 70-page combined Motion for Summary Judgment and a preliminary injunction, and (2) Plaintiffs' 70-page Renewed Combined Motion for Summary Judgment and a preliminary injunction. *See* ECF Nos. 2; 13. Even so, all the issues that Plaintiffs state they need more pages to addresshave already been discussed in their 140-pages of briefing. *See* ECF No. 24 at PageID.1637. For these reasons, Plaintiffs' Motion for Reconsideration will be denied.

Moreover, instead of waiting for this Court's decision on their Motion for Reconsideration, Plaintiffs concurrently filed a noncompliant reply brief. ECF No. 25.

Plaintiffs' reply brief does not satisfy the local rules' seven-page limit. *See Newman v. Univ. of Dayton*, No. 3:17-cv-179, 2017 WL 4076517, at *3 (S.D. Ohio Sept. 14, 2017) ("'[A] district court has broad discretion to manage its docket'—including by striking a memorandum in violation of its local rules." (quoting *ACLU of Ky. v. McCreary Cnty.,* 607 F.3d 439, 451 (6th Cir. 2010))). For this reason, their reply brief will be stricken.

Accordingly, it is **ORDERED** that Plaintiffs' Motion for Reconsideration, ECF No. 24, is **DENIED**.

Further, it is **ORDERED** that Plaintiffs' Reply, ECF No. 25, is **STRICKEN**.

Dated: September 1, 2022   s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge