UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GERALD NOVAK and ADAM WENZEL,

        Plaintiffs,                    Case No. 1:21-cv-12008

v.                                      Honorable Thomas L. Ludington
                                              United States District Judge
SHERIFF WILLIAM L. FEDERSPIEL,
in his official and personal capacities,

        Defendant.
_____/

**OPINION AND ORDER DENYING RECONSIDERATION**

The day before Thanksgiving, this personal-property case was stayed under *Pullman*, *Burford*, and this Court's inherent authority. And the parties were directed to certify three questions of state law to the Michigan Supreme Court, which could moot all the federal claims in the case.

Like a moth to a flame, Plaintiffs filed a motion for reconsideration, voluntarily withdrew it, and then filed another motion for reconsideration. The motion makes six arguments for why the stay was an error.

As explained hereafter, the motion will be denied for lack of merit.

I.

This case involves police seizing 14 firearms from Benjamin Heinrich after he threatened his daughter's mother with a shotgun. For a full disquisition of the facts in this case, see *Novak v. Federspiel*, No. 1:21-CV-12008, 2022 WL 17176832, at *1–7 (E.D. Mich. Nov. 23, 2022).

On November 23, 2022, this Court entered an opinion and order (1) staying the case under *Pullman* abstention, (2) *Burford* abstention, and (3) this Court's inherent authority, (4) certifying

questions to the Michigan Supreme Court, (5) directing the parties to show cause for why they have not initiated forfeiture proceedings, and (6) striking a duplicative motion for summary judgment and (7) Plaintiffs' First Amended Complaint. *See generally id.*

At issue here is Plaintiffs' second Motion for Reconsideration, advancing six arguments. ECF No. 40 at PageID.2141. Each argument will be addressed in turn; none will prevail.

## II.

Motions for reconsideration of nonfinal orders are disfavored and may be granted in only three circumstances: (1) a mistake that changes the outcome of the prior decision, (2) an intervening change in controlling law that warrants a different outcome, or (3) new facts that could not have been previously discovered warrant a different outcome. E.D. Mich. LR 7.1(h)(2).

### A.

First, Plaintiffs contend this Court should "reconsider striking the First Amended Complaint and instead find itself in error in not dismissing all pending summary judgment motions as moot." ECF No. 40 at PageID.2141. This argument does not identify any intervening change in controlling law or new facts, only that a mistake was made. *See* E.D. Mich. LR 7.1(h)(2).

Plaintiffs are correct that their First Amended Complaint was struck because they filed it without leave. *See Novak*, 2022 WL 17176832, at *15 (citing FED. R. CIV. P. 15(a)(2)).

But that ruling was not made in error. Plaintiffs think that they could have filed their First Amended Complaint without leave because they did so 12 days after Defendant filed his Answer. *Compare* ECF No. 30 (filed Sept. 7, 2022), *with* ECF No. 35 (filed Sept. 19, 2022). They are incorrect. They would have had 21 days "if the pleading is one to which a responsive pleading is required." FED. R. CIV. P. 15(a)(1)(B). But "an answer does not require a response." *Jaramillo v. Bexar Cnty.*, No. CIVASA09-CV0656 XRNN, 2010 WL 1190931, at *1 n.7 (W.D. Tex. Mar. 25,

2010); *see also* FED. R. CIV. P. 12(a)(1)(C) (requiring parties to "serve a reply to an answer . . . *after being served with an order* to reply" (emphasis added)). Thus, contrary to Plaintiffs' assertion, Defendant's untimely Answer did not permit Plaintiffs to file an amended complaint without leave; their deadline to do so was 21 days after receiving service of Defendant's Motion for Summary Judgment. *See* FED. R. CIV. P. 15(a)(1)(B); E.D. Mich. LR 7.1(e)(2)(A) (requiring that responses to summary-judgment motions "be filed within 21 days following service of the motion"). Therefore, Plaintiffs' first argument lacks merit.

### B.

Second, Plaintiffs assert this Court should "use the *Ostipow* 'federal first' order-of-operations instead of certifying three questions to the Michigan Supreme Court." ECF No. 40 at PageID.2141 (citing *Ostipow v. Federspiel*, No. 2:21-CV-11208 (E.D. Mich. filed May 24, 2021)). This argument does not identify any new facts or mistakes in the record or law before this Court. *See* E.D. Mich. LR 7.1(h)(2).

This second argument relies on an unrelated district-court case. The merits of that case will not be addressed because it is neither intervening nor controlling and, therefore, "do[es] not 'warrant' anything in this Court." *Pratt v. KSE Sportsman Media, Inc.*, 586 F. Supp. 3d 666, 674 (E.D. Mich. 2022) (quoting *Hillman Power Co. v. On-Site Equip. Maint., Inc.*, 582 F. Supp. 3d 511, 515-16 (E.D. Mich. 2022)). Thus, Plaintiffs' second argument lacks merit.

### C.

Third, Plaintiffs argue this Court erred "in unnecessarily staying this case pursuant to abstentions and inherent authority." ECF No. 40 at PageID.2141.

This argument fails because it does not identify any new facts, intervening or controlling law, or mistakes in the record or law. *See* E.D. Mich. LR 7.1(h)(2). But it would fail on the merits

too. This third argument hinges on Plaintiffs' "federal first" theory, already rejected. *See* discussion *supra* Section II.B. In essence, Plaintiffs seem to believe that federal courts should resolve federal constitutional issues despite any potential implication on unresolved state-law "boondoggle[s]." *See* ECF No. 40 at PageID.2155–56. Not so.

The regime that Plaintiffs propose would be an attempt to unmarble federalism. *See* JEFFREY S. SUTTON, 51 IMPERFECT SOLUTIONS: STATES AND THE MAKING OF AMERICAN CONSTITUTIONAL LAW 10 (2018) (explaining why people have a greater chance to vindicate their rights in state courts); *id.* at 174 (explaining why state-law issues should be resolved before federal-law issues). That "federal first" scheme would also offend the purposes of *Pullman* abstention and *Burford* abstention. *See R.R. Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496, 499–501 (1941) (warranting abstention when a constitutional issue would be avoided by resolving an "unclear" state-law claim); *Burford v. Sun Oil Co.*, 319 U.S. 315, 333–34 (1943) (warranting abstention when federal review would disrupt state efforts to establish a coherent policy with respect to a matter of substantial public concern).

Although Plaintiffs' argument suffers from what the Supreme Court calls "premature adjudication," federal courts must fight that affliction at all costs. *Clinton v. Jones*, 520 U.S. 681, 690 (1997) (stressing "the importance of avoiding the premature adjudication of constitutional questions"); *accord Harman v. Forssenius*, 380 U.S. 528, 534 (1965) (urging federal courts "to avoid unnecessary friction in federal-state relations, interference with important state functions, tentative decisions on questions of state law[,] and premature constitutional adjudication"); *Barber v. Charter Twp. of Springfield*, 31 F.4th 382, 395 (6th Cir. 2022) (Readler, J., dissenting).

Indeed, as the Sixth Circuit held mere months ago, the *most* "deeply rooted" constitutional-adjudication doctrine "is that we ought not to [adjudicate] questions of

constitutionality . . . unless such adjudication is unavoidable." *Griffith v. Franklin Cnty.*, 975 F.3d 554, 571 n.5 (6th Cir. 2020) (collecting cases); *accord Spector Motor Serv. v. McLaughlin*, 323 U.S. 101, 105 (1944) ("[W]e have insisted that federal courts do not decide questions of constitutionality on the basis of preliminary guesses regarding local law.") (collecting cases).

And this Court has already explained how resolving Plaintiffs' state-law claim could moot their federal claims—all of which are constitutional. *Novak v. Federspiel*, No. 1:21-CV-12008, 2022 WL 17176832, at *11 (E.D. Mich. Nov. 23, 2022).

## D.

Fourth, Plaintiffs allege this Court erred "in certifying three questions to the Michigan Supreme Court when not satisfying the requirements of E.D. Mich. LR 83.40." ECF No. 40 at PageID.2141. This argument does not identify any intervening change in controlling law or new facts and, therefore, only argues that a mistake was made. *See* E.D. Mich. LR 7.1(h)(2).

Certification to state courts is governed by Local Rule 83.40 as follows:

> (a) Upon motion or after a hearing ordered by the Judge *sua sponte*, the Judge may certify an issue for decision to the highest Court of the State whose law governs its disposition. An order of certification shall be accompanied by written findings that:
> (1) the issue certified is an unsettled issue of State law, and
> (2) the issue certified will likely control the outcome of the federal suit, and
> (3) certification of the issue will not cause undue delay or prejudice.
> Such order shall also include citation to precedent, statutory[,] or court rule authority authorizing the State Court involved to resolve certified questions.
> (b) In all such cases, the order of certification shall stay federal proceedings for a fixed time which shall be subsequently enlarged only upon a showing that such additional time is required to obtain a State Court decision and is not the result of dilatory actions on the part of the litigants.
> (c) In cases certified to the Michigan Supreme Court, in addition to the findings required by this Rule, the United States District Court shall approve an agreed statement of facts which shall be subsequently transmitted to the Michigan Supreme Court by the parties as an appendix to briefs filed therein.

E.D. Mich. LR 83.40 (1992).

The order satisfies all the elements of Local Rule 83.40. The questions were certified "[u]pon motion." *See Novak*, 2022 WL 17176832, at *4 (staying case after considering the parties' "cross-motions for summary judgment on Plaintiffs' claim-and-delivery action"). And it certified an unsettled state-law issue that will likely control the outcome of the federal claims and will not cause undue delay or prejudice. *See id.* at *8–15. It also cited the Michigan Supreme Court's legal authority to resolve certified questions. *See id.* at *14 (first quoting Mich. Ct. R. 7.308(A)(2)(a); then quoting Mich. Ct. R. 7.308(A)(2)(b); and then citing Mich. Ct. R. 7.308(A)(5)). And it stays the case for a fixed time. *See id.* at *15.

As for the "agreed statement of facts," the parties obviously need to submit it for this Court's approval before they can append it to their briefs. *See* E.D. Mich. LR 83.40(c) (1992). The clock is still ticking. *Novak*, 2022 WL 17176832, at *15 (directing the parties "to file the following certified questions in the Michigan Supreme Court **on or before December 27, 2022**").

For these reasons, Plaintiffs' fourth argument fails.

### E.

Fifth, Plaintiffs add that this Court should "correct the factual and legal misunderstandings contained in the November 23, 2022 Opinion and Order." ECF No. 40 at PageID.2141, 2158–61. This argument does not identify any intervening change in controlling law or new facts, only that a mistake was made. *See* E.D. Mich. LR 7.1(h)(2).

As Plaintiff's correctly argued, however, they must submit "an agreed statement of facts" for this Court to approve, which they will then transmit "to the Michigan Supreme Court . . . as an appendix to briefs filed therein." E.D. Mich. LR 83.40(c) (1992). In this way, Plaintiffs' fifth argument lacks merit.

### F.

Sixth, Plaintiffs believe this Court erred "in only requiring Defendant to show cause as to why it has not initiated forfeiture proceedings." ECF No. 40 at PageID.2141. Despite Plaintiff's typo, however, this Court did not direct only the Defendant to show cause. *Novak*, 2022 WL 17176832, *16 ("[T]he parties are **DIRECTED** to show cause."). In sum, Plaintiffs meant to claim to "have no means or authority <u>to commence</u> a forfeiture action under the *Omnibus Forfeiture Act*." ECF No. 40 at PageID.2162.

But, as explained twice by Judge Borrello and once by this Court, Plaintiffs may initiate forfeiture proceedings. *See Novak*, 2022 WL 17176832, at *2–3, 9. For the fourth time,

> Within 28 days after receipt of the notice or of the date of the first publication of the notice under [§ 600.4707(1)], a person claiming an interest in property subject to the notice may file a claim with the local unit of government or the state expressing his or her interest in the property and any objection to forfeiture.

MICH. COMP. LAWS § 600.4707(2) (2015). Plaintiffs' 28-day timer has not yet begun because, as they contend, published notice "did not occur." ECF No. 40, PageID.2162; *see also Novak*, 2022 WL 17176832, at *9 n.15 ("It is unknown whether the Saginaw County Sheriff's Office sent notice to Henrich or his victim, 'H.'" (citing MICH. COMP. LAWS § 600.4704(1)(a), (g) (2015))). Despite their ability to initiate forfeiture proceedings, however, "Plaintiffs . . . have chosen not to do so." *Novak*, 2022 WL 17176832, at *5. Therefore, Plaintiffs' sixth and final argument has no merit.

For these reasons, Plaintiffs' Motion for Reconsideration will be denied.

## III.

Accordingly, it is **ORDERED** that Plaintiffs' Motion for Reconsideration, ECF No. 40, is **DENIED**.

**This is not a final order and does not close the above-captioned case**.

Dated: December 5, 2022                              s/Thomas L. Ludington
                                                     THOMAS L. LUDINGTON
                                                     United States District Judge