UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GERALD NOVAK and ADAM WENZEL,

               Plaintiffs,              Case No. 1:21-cv-12008

v.                                             Honorable Thomas L. Ludington
                                              United States District Judge

SHERIFF WILLIAM L. FEDERSPIEL,
in his official and personal capacities,

               Defendant.
_____/

**OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR STAY AND MOTION FOR RELIEF FROM ORDER**

In this personal-property case, among other things, the parties were directed to prepare papers for this Court to certify three important, unsettled state-law questions to the Michigan Supreme Court on or before December 27, 2022. ECF No. 37 at PageID.2085. Plaintiffs requested reconsideration, ECF No. 40, which was denied, ECF No. 41. Then Plaintiffs filed three notices of appeal. ECF Nos. 42; 45; 46; *see also Novak v. Federspiel*, No. 22-2088 (6th Cir. filed Dec. 6, 2022); *Novak v. Federspiel*, No. 22-2104 (6th Cir. filed Dec. 12, 2022).

In a sixth attempt to avoid their tasks, Plaintiffs now seek a stay of their obligation to submit papers for this Court to certify the state-law questions to the Michigan Supreme Court. ECF No. 44. That is, Plaintiffs do not dispute their obligation "to show cause for why they have not initiated forfeiture proceedings in the state district court of Heinrich's criminal conviction: the Seventieth District Court of Saginaw County."[1] ECF No. 37 at PageID.2085.

---

[1] The orders also struck Plaintiffs' First Amended Complaint, ECF No. 35, because Defendant's untimely and therefore stricken Answer, ECF No. 30, did not permit Plaintiffs to file an amended complaint without leave. *See* ECF Nos. 37 at PageID.2084; 41 at PageID.2190–91.

I.

This case involves police seizing 14 firearms from Benjamin Heinrich after he threatened his daughter's mother with a shotgun. For a full explanation of the facts in this case, see *Novak v. Federspiel*, No. 1:21-CV-12008, 2022 WL 17176832, at *1–7 (E.D. Mich. Nov. 23, 2022). In sum, on October 24, 2017, a Saginaw County sheriff's deputy seized 13 of the firearms for "safe keeping," depending on which police report is accurate. Heinrich was convicted of domestic violence by guilty plea some five years ago. To this Court's knowledge, the Sheriff's Office maintains possession of the firearms but has not initiated forfeiture proceedings. On the other hand, though Plaintiffs maintain they own the firearms, they also have not initiated forfeiture proceedings—despite being explicitly prompted to do so by the Saginaw County Circuit Court years ago.

On November 23, 2022, this Court entered an opinion and order (1) staying the case, (2) certifying the three questions to the Michigan Supreme Court, (3) directing the parties to show cause for why they have not initiated forfeiture proceedings, and (4) striking a duplicative motion for summary judgment and (5) Plaintiffs' First Amended Complaint. *See generally id.*

At issue here is Plaintiffs' "Expedited Motion for Stay," which will be denied. As a threshold matter, however, the Parties question whether this Court's order still requires them to show cause or to submit papers for this Court to certify questions. *See* ECF No. 44 at PageID.2199. Plaintiffs' position is correct: Unless this Court or the court of appeals issues a stay, *see* FED. R. APP. P. 8(a), the Parties are still bound by this Court's orders, *see Jones v. Coleman*, 848 F.3d 744, 748 (6th Cir. 2017) ("[O]rders of abstention are considered final judgments." (citations omitted)); *City of Cookeville v. Upper Cumberland Elec. Membership Corp.*, 484 F.3d 380, 394 (6th Cir. 2007) ("Although a district court may not alter or enlarge the scope of its judgment pending appeal,

it does retain jurisdiction to enforce the judgment." (quoting *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 588 (6th Cir. 1987))); *see also* ECF Nos. 37; 41.

## II.

Four factors govern the stay of a judgment pending appeal:

(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;
(2) whether the applicant will be irreparably injured absent a stay;
(3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and
(4) where the public interest lies.

*Tiger Lily, LLC v. U.S. Dep't of Hous. & Urb. Dev.*, 992 F.3d 518, 522 (6th Cir. 2021) (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)).

First, Plaintiffs assert they have a strong likelihood of success on the merits of their claims. *See* ECF No. 44 at PageID.2205–07. As this Court explained twice before, Plaintiffs' likelihood of success is entirely unclear. This lack of clarity is precisely why the state-law questions should be answered by the Michigan Supreme Court, which admittedly is a matter entirely within that court's discretion. Plaintiffs seek summary judgment on only state-law claims yet continue to argue that resolution of the state-law conundrums could not moot their constitutional claims. But Plaintiffs are incorrect on that issue. As a matter of common sense: *If Plaintiffs do not own the firearms, then they have no constitutional claims regarding unlawful taking, possession, or retention of the firearms.* That question is a matter of Michigan law. But Michigan law is not clear about whether ownership must be determined under Michigan's forfeiture statute or Michigan's claim-and-delivery statute. *See* ECF No. 37 at PageID.2075 ("Simply put, the structure of the OFA apparently *prohibits* claim-and-delivery actions before a court with jurisdiction determines whether the property is subject to forfeiture and was properly seized. But [the text] of § 600.4703(5)[] *permits* claim-and-delivery actions before those determinations are made.").

Although an explicit interpretation does not exist, the OFA more likely than not forecloses claim and delivery. And this Court cannot decide the constitutional issues yet because the parties have filed motions for summary judgment on only Plaintiffs' claim-and-delivery action. "Given that [Plaintiffs are] unlikely to succeed on the merits," this Court "need not consider the remaining stay factors." *Tiger Lily*, 992 F.3d at 524. Yet it will.

Second, Plaintiffs assert they would be irreparably injured without a stay. *See* ECF No. 44 at PageID.2208. But this Court has twice explained why Plaintiffs would suffer no irreparable injury from staying this case. *See* ECF No. 37 at PageID.2083 ("As Plaintiffs have repeatedly explained, they did not use but 'merely stored' the firearms at Heinrich's house."); ECF No. 41 at PageID.2194 ("And it certified an unsettled state-law issue that will likely control the outcome of the federal claims and will not cause undue delay or prejudice."). True, resolving ownership could prejudice Plaintiffs if they indeed own the firearms. But it is entirely unclear whether Plaintiffs own the firearms as demonstrated by their unwillingness to initiate forfeiture proceedings, which would provide an answer. For those reasons, this factor heavily weighs against staying Plaintiffs' obligations to certify questions to the Michigan Supreme Court.

Third, Plaintiffs think no other party would suffer injury from staying Plaintiffs' obligation. *See* ECF No. 44 at PageID.2208–09. And Plaintiffs believe the public interest "tilts toward a stay." *Id.* at PageID.2209. But those claims are debatable at best. As addressed earlier, it is possible that "Plaintiffs are merely claiming ownership to retrieve the firearms for Heinrich, who may not legally possess them" because he is a domestic-violence convict. ECF No. 37 at PageID.2062. So whether they even have constitutional rights at issue is, again, entirely unclear at this time—which is why this Court is trying to certify questions to the Michigan Supreme Court. "And at risk here is Michigan's entire forfeiture regime as it relates to third parties." *Id.* at PageID.2083. Notably,

the Michigan Supreme Court might resolve the issue before the Sixth Circuit resolves Plaintiffs' pending appeal. This resolution could spark an indicative ruling to the Sixth Circuit. *See* FED. R. CIV. P. 62.1. That would save substantial costs and time for not only the parties but also the courts. For these reasons, the last two factors weigh against a stay.

Because the factors score 0–4–0 against a stay, Plaintiffs' Motion will be denied. Absent a court order providing otherwise, the parties are still obligated to certify questions to the Michigan Supreme Court and to show cause for why they have not initiated forfeiture proceedings in the state district court of Heinrich's criminal conviction: the Seventieth District Court of Saginaw County. Both tasks must be completed **on or before December 27, 2022**. Despite this deadline, the parties have not filed any of the documents required for this Court to certify the questions.[2]

### III.

As a final matter, Plaintiffs' seventh attempt to escape their certification obligations comes in the form of a motion for relief from order. ECF No. 48. In sum, Plaintiffs argue they cannot certify questions to the Michigan Supreme Court because this Court must send the paperwork—despite this Court's repeated reminders that *the parties must send the required documents to this Court on or before December 27, 2022, so that this Court can certify them to the Michigan Supreme Court*.

This Court is well aware that it must approve, sign, certify, and tender an agreed statement of facts to the Michigan Supreme Court with the parties' briefs. *See* E.D. Mich. LR 83.40(c); Mich. Ct. R. 7.308(A)(2)(b). The certification document must also contain the case title and the questions to be answered. Mich. Ct. R. 7.308(A)(2)(b). But the preliminary efforts—to furnish stipulated

---

[2] Notably, Plaintiffs have submitted a lengthy explanation of all the arguments that they need to make to the Michigan Supreme Court to support their interpretation of the statutes at issue. *See* ECF No. 44 at PageID.2205–06 n.2. So their consternation to certification is confusing.

facts and briefing for not initiating forfeiture proceedings and on the three state-law questions—remain with the Parties. Because there was no mistake and Plaintiffs continue to feign ignorance even though they know full well what they must do, Plaintiffs' Motion for Relief from Order will be denied. *See* FED. R. CIV. P. 60. The Parties' December 27, 2022 deadline remains.

## IV.

Accordingly, it is **ORDERED** that Plaintiffs' Motion for Stay, ECF No. 44, is **DENIED**.

Further, it is **ORDERED** that Plaintiffs' Motion for Relief from Order, ECF No. 48, is **DENIED**.

**This is not a final order and does not close the above-captioned case**.

Dated: December 13, 2022               s/Thomas L. Ludington
                                       THOMAS L. LUDINGTON
                                       United States District Judge