UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GERALD NOVAK and ADAM WENZEL,

        Plaintiffs,                            Case No. 1:21-cv-12008

v.                                                   Honorable Thomas L. Ludington
                                                      United States District Judge

SHERIFF WILLIAM L. FEDERSPIEL,
in his official and personal capacities,

        Defendant.
_____/

**OPINION AND ORDER (1) DENYING PLAINTIFFS' MOTION FOR ENTRY, (2) DIRECTING PARTIES' RESPONSES, (3) NOTICING PARTIES OF POTENTIAL SANCTIONS, (4) DIRECTING PLAINTIFFS TO SHOW CAUSE FOR SANCTIONS, (5) DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION, AND (6) GRANTING PLAINTIFFS' MOTION FOR LEAVE TO REPLY**

In this personal-property case, the Parties were directed to prepare papers, including an agreed statement of facts, in order for this Court to certify three unsettled state-law questions to the Michigan Supreme Court and to show cause for why they have not initiated forfeiture proceedings in state court. ECF No. 37 at PageID.2085. Plaintiffs then initiated some seven efforts to skirt the order. *See Novak v. Federspiel*, No. 22-2088 (6th Cir. Dec. 22, 2022); *Novak v. Federspiel*, No. 1:21-CV-12008, 2022 WL 17176832 (E.D. Mich. Nov. 23, 2022), *recons. denied*, 2022 WL 17415116 (E.D. Mich. Dec. 5, 2022), *and mot. for relief from j. denied*, 2022 WL 17616430 (E.D. Mich. Dec. 13, 2022).

The Parties have not submitted the required "agreed statement of facts" as directed. *See* E.D. Mich. LR 83.40(c). Instead of a joint list of the facts upon which they agree, the Parties filed contrasting lists of facts upon which they disagree—Plaintiffs' is confusingly in the form of a

motion. *Compare* ECF No. 54, *with* ECF No. 55. Plaintiffs have also filed a strongly worded objection to Defendants' list. *See generally* ECF No. 56.

So, Plaintiffs' motion will be denied, this Court will propose an "agreed statement of facts," the Parties will be directed to submit any objections to it, and the Parties will be put on notice that further attempts to thwart certification of the legal issues they have framed may lead to sanctions. And Plaintiffs will be directed to show cause for why they should not be sanctioned for failing to explain why they have not initiated forfeiture proceedings in the Seventieth District Court of Saginaw County—which the Saginaw County Circuit Court recommended twice. Plaintiffs also filed a motion for a preliminary injunction to maintain the firearms pending the resolution of the litigation, which will be denied. And Plaintiffs filed a motion for leave to reply to Defendant's response to the show-cause order, which will be granted.

I.

After the parties submitted their proposed statements of facts, the Clerk of the Michigan Supreme Court notified this Court that Michigan's certification requirements would be satisfied by submitting a "statement of facts" that either separately lists the disputed and undisputed facts or lists the facts and notes any objections to them. So the following list of facts will be proposed as the "agreed statement of facts":

1. On October 24, 2017, while drunk and frustrated with his crying daughter, Benjamin Joseph Heinrich marched into his bedroom, opened an unlocked gun cabinet less than two feet from his bed, pulled out a shotgun, and forced "H," Heinrich's daughter's mother, to "leave by gunpoint." ECF Nos. 2-2 at PageID.48–49; 10-9 at PageID.429.
2. H fled, then Heinrich "put the gun back in the [cabinet] and walked out of the room." ECF No. 2-2 at PageID.49.
3. H called the police and gave them a cell-phone video of the assault. ECF No. 2-2 at PageID.50.
4. Officers from the Saginaw County Sheriff's Office and Chesaning Police Department arrested Heinrich for felonious assault, MICH. COMP. LAWS § 750.82 (2004), and domestic violence, MICH. COMP. LAWS § 750.81(2) (2016). ECF Nos.

2-2 at PageID.48; 2-4 at PageID.57; *see also People v. Heinrich*, No. 17-006720-FY (Mich. 70th Dist. Ct. Saginaw Cnty. filed Oct. 25, 2017).

5. From the gun cabinet, the officers seized the shotgun and 13 other firearms. ECF No. 2-2 at PageID.48–49.
6. The police report describes the incident as a "lover's quarrel" and contains an inventory list of the 14 firearms that the Sheriffs seized. *See* ECF No. 2-2 at PageID.47, 50–55.
7. The firearm Heinrich used was a New England Firearms Pardner Model .410 GA shotgun (SN: NB218049). *See* ECF No. 2-2 at PageID.53.
8. The New England .410 shotgun was not fired during the incident.
9. According to the police report, nine of the remaining firearms have serial numbers, but four do not. *See* ECF No. 2-2 at PageID.50–55.
10. The firearms without a serial number are a "Dumoulin & Co" shotgun, a "Kodiak 260" rifle, a .22 caliber "Silver Remington Revolver pistol," and a "Remington 572" rifle. *See* ECF No. 2-2 at PageID.50–55.
11. The remaining nine firearms are a Remington 7600 rifle (SN: 8333002), a Remington 870 shotgun (SN: T123283V), a Remington 710 rifle (SN: 71116295), a Colman 781 air-soft rifle (SN: 489501837), a Winchester 94 rile (SN: 1806102), a Marlin 60 rifle (SN: 00231057), a Remington 1100 rifle (SN: 104238X), a Savage 2204 rifle (SN: 410), and a Gamemaster 760 rifle (SN: A7080267). ECF No. 2-2 at PageID.50–55.
12. The firearms without serial numbers are presumptively contraband, *see* MICH. COMP. LAWS § 750.230 (2004), but might be exempt as "antique firearms," *see* MICH. COMP. LAWS § 750.231a(2) (2012).
13. The police report inconsistently provides that "14 guns were placed into evidence, 13 were for safe keeping." ECF No. 2-2 at PageID.50.
14. Only three of the firearms in the police report have a "status" of "Held for Safe Keeping." *See* ECF No. 2-2 at PageID.50–55.
15. At the Saginaw County Circuit Court, Plaintiffs Gerald Novak and Adam Wenzel argued the 14 firearms were seized "for whatever reasons." ECF No. 11-13 at PageID.1120.
16. At the state district court, Plaintiffs Gerald Novak and Adam Wenzel argued "the [14] firearms were not 'seized' by the Sheriff's Office as that term means under MCL 600.4702 but instead were taken into custody merely for 'safekeeping.'" ECF No. 2-11 at PageID.94.
17. In the United States District Court for the Eastern District of Michigan, Plaintiffs Gerald Novak and Adam Wenzel alleged "[t]he 13 were taken to Defendant's office for 'safekeeping;' the fourteenth was seized as evidence." ECF Nos. 1 at PageID.2, 4–5; 2 at PageID.35.
18. During discovery, Defendant answered that "the [14] firearms were seized incident to the arrest of a criminal Defendant who has not claimed ownership nor requested return." ECF No. 11-6 at PageID.973.
19. At the state district court, Defendant maintained the position that all 14 firearms were seized "incident to the arrest of Joseph Heinrich." ECF No. 11-21 at PageID.1220, 31.

20. On November 30, 2017, Heinrich pleaded guilty to domestic violence under § 750.81(2). *See* ECF No. 2-4 at PageID.58.
21. Convicted of domestic violence, Heinrich could not legally possess firearms under federal or state law. ECF No. 20 at PageID.1542 (first citing 18 U.S.C. § 922(g)(9) (2015); and then citing MICH. COMP. LAWS § 750.224(f) (2004)); *see also id.* at PageID.1556.
22. Plaintiff Gerald Novak is Heinrich's uncle, and Plaintiff Adam Wenzel is Heinrich's step-cousin once removed. *See* ECF Nos. 2-5 at PageID.61; 2-6 at PageID.63.
23. Defendant's internal email reflects that sometime "soon after" the incident, but no later than June 1, 2018, two of Heinrich's relatives—Plaintiffs Gerald Novak and Adam Wenzel—started "calling and asking for the guns back." *See* ECF No. 2-5 at PageID.60–61.
24. However, Plaintiffs Gerald Novak and Adam Wenzel maintain that "they sought the return of the firearms" in "early 2019." ECF No. 2 at PageID.37.
25. The exact date that Plaintiffs Gerald Novak and Adam Wenzel first notified Defendant of their purported interest in the firearms is unknown.
26. Despite Plaintiffs' "numerous calls to [Defendant], it refuses to return the 14 firearms." ECF No. 11-2 at PageID.910; *see also* ECF No. 2-5 at PageID.61 (statement of Detective Jeffrey Kruszka) ("I replied too bad, no proof of ownership, and the one who had last custody of the guns was a violent drunk.").
27. In December 2017, District Judge A.T. Frank of the Seventieth District Court of Saginaw County sentenced Heinrich to one year of probation. ECF No. 2-4 at PageID.59.
28. Heinrich began probation in January 2018, ECF No. 2-4 at PageID.59, completed it in December 2018, ECF No. 11-2 at PageID.921, and was discharged from it in January 2019, ECF No. 2-4 at PageID.59.
29. Three months after Heinrich's probation ended, Plaintiffs Gerald Novak and Adam Wenzel sought the firearms in a claim-and-delivery action in the Tenth Circuit Court of Saginaw County. *See Novak v. Saginaw Cnty. Sheriff's Off.*, No. 19-039371-PD (Mich. 10th Cir. Ct. Saginaw Cnty. filed May 13, 2019).
30. In March 2020, Heinrich disclaimed ownership of the firearms—for the first time—which bolstered Plaintiffs' claims to the firearms. *See* ECF No. 11-26 at PageID.1291–92.
31. In an August 2020 order granting in part Plaintiffs' motion for leave to amend the complaint, Circuit Judge André R. Borrello suggested Plaintiffs' exclusive state-law remedy was to seek "return of the weapons through [forfeiture]." ECF No. 11-2 at PageID.1114 (first citing MICH. COMP. LAWS § 600.4702(1)–(2) (2015); then citing MICH. COMP. LAWS § 600.4705(1) (2015); and then citing MICH. COMP. LAWS §§ 750.239, .239a (2010)).
32. Judge Borrello also explained that Plaintiffs Gerald Novak and Adam Wenzel could initiate "the expedited [forfeiture] hearing to which [they are] entitled under state law," avoiding "the more cumbersome and expensive process" for a civil cause of action for claim and delivery. ECF No. 11-2 at PageID.1117.
33. Then in a January 2021 order granting summary judgment for Defendant, Judge Borrello (1) denied Plaintiffs' claim-and-delivery action on the merits, (2) briefly

elaborated on the statutory forfeiture proceedings, (3) again suggested that Plaintiffs Gerald Novak and Adam Wenzel file a motion to initiate forfeiture proceedings in the district court of Heinrich's criminal case because "a claim and delivery action in the Circuit Court is an improper mechanism to recover th[e] firearm[s]," and then (4) dismissed the case "without prejudice to Plaintiffs' ability to bring their claims in the appropriate court." ECF No. 11-15 at PageID.1135–44.

34. Instead of challenging the forfeiture of the firearms, Plaintiffs Gerald Novak and Adam Wenzel sought the same civil "claim and delivery" relief from a different court: the district court of Heinrich's criminal conviction. *See Novak v. Saginaw Cnty. Sheriff's Off.*, No. 21-0781-GZ (Mich. 70th Dist. Ct. Saginaw Cnty. filed Feb. 24, 2021).
35. District Judge Terry L. Clark dismissed the case in August 2021 by (1) denying Plaintiffs' Motion for Summary Disposition and (2) granting Defendant's Motion for Summary Judgment on the grounds that the Saginaw County Sherriff's Office is not a legal entity and Plaintiffs' Claim and Delivery action is barred by governmental immunity. ECF No. 2-10 at PageID.91.
36. Plaintiffs Gerald Novak and Adam Wenzel again chose not to initiate forfeiture proceedings. Instead, they appealed the district court's order to the Tenth Circuit Court of Saginaw County. *See Novak v. Saginaw Cnty. Sheriff's Off.*, No. 21-045333-AV (Mich. 10th Cir. Ct. Saginaw Cnty. filed Sept. 3, 2021).
37. Although the public docket is not available in that case, the state-court clerk's office responded that a "no-notice" oral argument is scheduled for December 9, 2022
38. Meanwhile, Judge Clark ordered that the 14 firearms shall "not be disposed of until appeal is resolved." *Novak v. Saginaw Cnty. Sheriff's Off.*, No. 21-0781-GZ (Mich. 70th Dist. Ct. Saginaw Cnty. Aug. 31, 2021).
39. Judge Clark's injunction is still in effect.
40. Defendant's primary concern is that Plaintiffs Gerald Novak and Adam Wenzel are merely claiming ownership to retrieve the firearms for Heinrich, who may not legally possess them. *See* ECF No. 20 at PageID.1555–56.
41. Plaintiffs Gerald Novak and Adam Wenzel inconsistently acknowledge that they "[s]tored" the 14 firearms at Heinrich's house yet deny "they were []ever given to, put in possession of, or provided to Mr. Heinrich in any way." ECF No. 1 at PageID.3; *accord* ECF Nos. 2-6; 2-7.
42. Plaintiffs Gerald Novak and Adam Wenzel are "unable to document ownership of these firearms" but allege that some are "family heirlooms." ECF No. 2-6 at PageID.63, 64, 65.
43. The address of the house is 22173 Nelson Rd, Merrill, MI 48637. ECF No. 32-12 at PageID.1974.
44. Heinrich has lived in the house since at least June 4, 2014, ECF No. 10-4 at PageID.288, while his mother held at least partial title, *see* ECF No. 11-7 at PageID.1004–06.
45. Yet, despite public records suggesting otherwise, Plaintiffs maintain that Gerald Novak always has been the sole owner of the house. *See* ECF No. 2 at PageID.35 n.1 ("Plaintiff Novak is the owner of the property and has long allowed Mr. Heinrich and his girlfriend to stay [there]." (citing ECF No. 2-6 at PageID.63)).

46. In sum, Plaintiffs Gerald Novak and Adam Wenzel argue they are two innocent owners who just want their family's guns returned.
47. Defendant maintains that Michigan law does not require the Sheriff's Office to initiate forfeiture proceedings of the firearms that they seized because the only person with a "known ownership interest" in the firearms 28 days after Heinrich's criminal conviction was Heinrich.
48. Defendant also alleges Plaintiffs Gerald Novak and Adam Wenzel could still initiate forfeiture proceedings but have chosen not to do so for undisclosed reasons.
49. Neither party has initiated forfeiture proceedings.
50. Forfeiture proceedings and a claim-and-delivery action would both require a determination of who owns the firearms, which is still unknown.
51. Forfeiture would also require a determination of whether the firearms are subject to forfeiture, which is still unknown.
52. Plaintiffs Gerald Novak and Adam Wenzel have no proof of title to the firearms because "there are no existing ownership papers" for any of the 14 the firearms. ECF Nos. 2 at PageID.37; 2-6 at PageID.64 (affidavit of Gerald Novak) ("I would provide it, if I had such paperwork, as it would help my lawsuit."); *accord* ECF No. 2-7 at PageID.65 (affidavit of Adam Wenzel).
53. Plaintiffs Gerald Novak and Adam Wenzel did not possess the firearms when they were seized.
54. No case from the Michigan Supreme Court or the Michigan Court of Appeals has directly addressed the relevant statutory language from the Omnibus Forfeiture Act discussed in *Novak v. Federspiel*, No. 1:21-CV-12008, 2022 WL 17176832 (E.D. Mich. Nov. 23, 2022) (discussing Michigan Compiled Laws § 600.4701 *et seq.*).
55. Neither Defendant nor the County Prosecutor has sent anyone notice of an intent to forfeit the property or to initiate forfeiture proceedings.
56. The police lawfully seized the firearms under an undetermined legal authority.
57. The police will not return the firearms.
58. But the Parties disagree over the legal basis for the lawful seizure of the firearms.
59. The Parties disagree over whether the firearms are subject to forfeiture.
60. There is a genuine question of fact over who owns the firearms.
61. There is a genuine question of fact with respect to whether the seizing agency had notice of Plaintiffs' alleged interest in the firearms within 28 days of Heinrich's domestic-violence conviction.

The Parties may object to these proposed facts within 14 days of notice of this Order. Any such objections must identify the paragraph number of the proposed facts from this Order. Any objection must also cite the page(s) in the record that supports the factual basis for the objection, summary-judgment style. The Parties are advised that making some objections but failing to raise others will not preserve all their possible objections; to preserve an objection, the Party must raise it. The Parties may not respond to each other's submissions.

## II.

Plaintiffs seek a preliminary injunction to "preclude[ Defendant] from destroying, selling, or disposing of the disputed firearms pending resolution of this case," ECF No. 53, in addition to the injunction entered by Judge Clark, *see Novak v. Saginaw Cnty. Sheriff's Off.*, No. 21-0781-GZ (Mich. 70th Dist. Ct. Saginaw Cnty. Aug. 31, 2021) ("The 14 firearms in dispute shall not be disposed of pending appeal of this matter absent further order of this court."). Defendant opposes the injunction. *See generally* ECF No. 60.

This Court's jurisdiction *to grant* Plaintiff's proposed injunctive relief is questionable because of the scope of Plaintiffs' two appeals. *E.g.*, *Hayes v. Horton*, No. 1:19-CV-13470, 2022 WL 2071088, at *1 (E.D. Mich. June 8, 2022) (citing 28 U.S.C. § 1631); *see also Manrique v. United States*, 581 U.S. 116, 120 (2017) ("Filing a notice of appeal transfers adjudicatory authority from the district court to the court of appeals."); *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam) ("The filing of a notice of appeal . . . divests the district court of its control over those aspects of the case involved in the appeal." (citations omitted)).

However, this Court has jurisdiction *to deny* the motion. FED. R. CIV. P. 62.1(a)(2) ("If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may . . . deny the motion . . . .").

A preliminary injunction is "an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

Four factors determine whether a court should grant a preliminary injunction:

(1) whether the movant will suffer irreparable harm absent the injunction;
(2) the movant's likelihood of success on the merits;
(3) whether the balance of hardships favors the movant; and
(4) whether the injunction would be adverse to the public interest.

*Benisek v. Lamone*, 138 S. Ct. 1942, 1943–44 (2018) (per curiam); *Yolton v. El Paso Tenn. Pipeline Co.*, 435 F.3d 571, 578 (6th Cir. 2006). These "are factors to be balanced, not prerequisites that must be met." *Hamad v. Woodcrest Condo. Ass'n*, 328 F.3d 224, 230 (6th Cir. 2003) (quoting *Mich. Bell Tel. Co. v. Engler*, 257 F.3d 587, 592 (6th Cir. 2001)).

### A.

Plaintiffs must show that irreparable harm is "both certain and immediate, rather than speculative or theoretical." *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 154 (6th Cir. 1991). Harm "is not irreparable if it is fully compensable by money damages." *Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1992). A harm is not fully compensable by money damages, however, if the nature of the plaintiff's loss would make damages difficult to calculate. *See Roland Mach. Co. v. Dresser Indus., Inc.*, 749 F.2d 380, 386 (7th Cir. 1984). The "denial of an injunction will cause irreparable harm if the claim is based upon a violation of the plaintiff's constitutional rights." *Overstreet v. Lexington-Fayette Urb. Cnty. Gov't*, 305 F.3d 566, 578 (6th Cir. 2002); *see also Obama for Am. v. Husted*, 697 F.3d 423, 436 (6th Cir. 2012) ("When constitutional rights are threatened or impaired, irreparable injury is presumed.").

Plaintiffs face no irreparable harm. For starters, "[m]ere injuries, however substantial, in terms of money . . . are not enough." *Baker v. Adams Cnty./Ohio Valley Sch. Bd.*, 310 F.3d 927, 930 (6th Cir. 2002) (per curiam). Firearms with fully identifiable makes and models are fully compensable by money damages, heirlooms or not, because it would be simple to assess their fair market value. *Cf. United States v. Fonseca*, 790 F.3d 852, 854 (8th Cir. 2015) ("Absent proof that a firearm was unique, the actual loss resulting from a theft of a firearm . . . includes the fair market value of the stolen firearms." (citing *United States v. Frazier*, 651 F.3d 899, 910 (8th Cir. 2011))).

The makes and models of all 14 firearms are known here. And, as the Sixth Circuit explained, Plaintiffs do not have a clear constitutional claim because "Defendant argues that Plaintiffs' uncorroborated statements of ownership of the weapons are insufficient to establish proof of ownership." *Novak v. Federspiel*, No. 22-2088, slip op. at 4 (6th Cir. Dec. 22, 2022); *accord Novak v. Federspiel*, No. 1:21-cv-12008, 2022 WL 17616430, at *3 (E.D. Mich. Dec. 13, 2022) ("So whether they even have constitutional rights at issue is . . . entirely unclear.").

For lack of irreparable harm, the first factor weighs against an injunction.

**B.**

Plaintiffs must establish "a high probability of success on the merits." *See Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991) (*Ohio ex rel. Celebrezze v. Nuclear Regul. Comm'n*, 812 F.2d 288, 290 (6th Cir. 1987)).

As explained before, questions must be certified to the Michigan Supreme Court because Plaintiffs' likelihood of success on their claim-and-delivery action is entirely unclear. For that claim to prevail, however, two things must occur: (1) Plaintiffs prove title to the firearms, and (2) Michigan's Omnibus Forfeiture Act, which governs assets seized during law-enforcement activities, must be interpreted to permit Plaintiffs' civil claim-and-delivery action. *See generally Novak v. Federspiel*, No. 1:21-CV-12008, 2022 WL 17176832 (E.D. Mich. Nov. 23, 2022), *recons. denied*, No. 1:21-CV-12008, 2022 WL 17415116 (E.D. Mich. Dec. 5, 2022), *and mot. for relief from j. denied*, No. 1:21-CV-12008, 2022 WL 17616430 (E.D. Mich. Dec. 13, 2022).

Yet Plaintiffs repeatedly echo, without any corroboration, that there is "no dispute" that they "do own the firearms." *E.g.*, ECF Nos. 53 at PageID.2268; 61 at PageID.2411.

But that argument is patently without merit. There is a dispute. True, Heinrich avers that he does not own the firearms, and Plaintiffs aver that they do. ECF Nos. 11-26 at PageID.1285–

92; 13-6; 13-7. But they did not create their affidavits until after it would benefit Plaintiffs' first claim-and-delivery action. *See Novak*, 2022 WL 17176832, at *2. Thus, that evidence casts doubt on their credibility. *See* Matthew N. Preston II, *The Tweet Test: Attributing Presidential Intent to Agency Action*, 10 BELMONT L. REV. 1, 11–12 (2022) (explaining that evidence "create[d] and submit[ted] . . . . "in response to a litigation demand" might "support false rationales"). Plus, public records demonstrate that Heinrich's mother held partial title to the house while Heinrich lived in it. *Id.* at *4 n.5. Further, numerous photographs clearly show the gun cabinet less than two feet from Henrich's bed—full of the firearms at issue. *See* ECF No. 10-9 at PageID.429–45. And it is undisputed that the gun cabinet was unlocked, that it is where Heinrich placed the shotgun after he used it to threaten H, and that it is where the police located and seized all 14 firearms. Even if some of the firearms are family heirlooms, as Plaintiffs argue, they nevertheless acknowledge that Heinrich is a member of the same family. *See Novak*, 2022 WL 17176832, at *2 n.1 (E.D. Mich. Nov. 23, 2022) ("Gerald Novak is Heinrich's uncle, and Adam Wenzel is Heinrich's step-cousin once removed." (citations omitted)). *But see* ECF No. 54-1 at PageID.2299 ("Plaintiff Gerald Novak and Adam Wenzel are non-immediate relatives of Heinrich."). Accordingly, a reasonable juror could conclude that Heinrich more likely than not owns the house, the gun cabinet, the 14 firearms it contained, or any combination of that property. So Plaintiffs will be placed on notice that continuing to deny the existence of a genuine issue of material fact risks deciding the fact adversely. *See, e.g.*, *Shirvell v. Gordon*, 602 F. App'x 601, 606 (6th Cir. 2015) (unpublished) ("As time went on, it became increasingly clear that his claims amounted to nothing more than speculation. His failure to withdraw the allegations violated [his] continuing duty of candor. The district court did not abuse its discretion under Rule 11 when it imposed sanctions as a result.").

Plaintiffs also continuously argue that they cannot file a motion to initiate forfeiture proceedings in the criminal court of Heinrich's conviction. *See, e.g.*, ECF No. 53 at PageID.2270.

But that assertion is also without merit. Judge Borrello twice explained to Plaintiffs that their exclusive remedy was to seek "return of the weapons through [forfeiture]," to which they are "entitled under state law." ECF No. 11-2 at PageID.1114, 1117 (first citing MICH. COMP. LAWS § 600.4702(1)–(2) (2015); then citing MICH. COMP. LAWS § 600.4705(1) (2015); and then citing MICH. COMP. LAWS §§ 750.239, .239a (2010)); ECF No. 11-15 at PageID.1135–44. Then this Court not only explained to Plaintiffs why it believed that they could initiate forfeiture proceedings, but also directed Plaintiffs to explain why they have not done so. *Novak v. Federspiel*, No. 1:21-CV-12008, 2022 WL 17176832, at *3 (E.D. Mich. Nov. 23, 2022) ("Innocent third parties may also contest forfeiture by filing a motion in the criminal court . . . [by arguing] 'that the person has an ownership or security interest in the property and did not have prior knowledge of, or consent to the commission of, the crime.'" (citing MICH. COMP. LAWS § 600.4705(1) (2015))).

Yet, in response to the show-cause order, Plaintiffs again assert—without explanation—that they cannot initiate forfeiture proceedings. *See generally* ECF No. 51. As well as in reply to their request for injunctive relief. ECF No. 61 at PageID.2409. And Plaintiffs' counsel made the same erroneous argument to the Sixth Circuit Court of Appeals without citing any legal authority. Oral Argument at 12:04–12:11, *Novak v. Federspiel*, 2022 WL 3046973 (6th Cir. Aug. 2, 2022) (No. 21-1722), https://www.opn.ca6.uscourts.gov/internet/court_audio/aud2.php?link=audio/06-09-2022%20-%20Thursday/21-1722%20Gerald%20Novak%20v%20William%20Federspiel%20et%20al.mp3&name=21-1722%20Gerald%20Novak%20v%20William%20Federspiel%20et%20al ("I don't

even have . . . the ability under Michigan law to initiate a forfeiture action. Only the government can do that."). But Plaintiffs still refuse to try. So they will be noticed that repeating that assertion without legal authority in support may incur an adverse determination. *See* FED. R. CIV. P. 11(b).

For an unclear likelihood of success, the second factor is neutral. *Reed v. Presque Isle Cnty.*, 594 F. Supp. 3d 884, 888 (E.D. Mich. 2022) ("This factor is neutral because (1) there are too many unknowns, (2) this Court will not opine on the merits of an issue the Michigan [Supreme Court] has [not yet] decided, and (3) the Michigan Supreme Court might address the issue.").

## C.

The public interest and the balance of equities both weigh against an injunction. "When the government opposes the issuance of a temporary restraining order, as [Defendant] do[es] here, the final two factors—the balance of equities and the public interest—merge, because 'the government's interest is the public interest.'" *Malam v. Adducci*, 452 F. Supp. 3d 643, 661–62 (E.D. Mich. 2020), *as amended* (Apr. 6, 2020) (first quoting *Pursuing Am.'s Greatness v. FEC*, 831 F.3d 500, 512 (D.C. Cir. 2016); and then citing *Nken v. Holder*, 556 U.S. 418, 435 (2009)).

There is a public interest in keeping firearms separated from domestic-violence offenders. *See* 18 U.S.C. § 922(g)(9) (2015); MICH. COMP. LAWS § 750.224(f) (2022). And it is still unclear whether Plaintiffs are attempting to retrieve the firearms for Heinrich, a domestic-violence convict. So providing Plaintiffs the firearms poses at least some risk to public safety. And this Court has explained, numerous times, how Plaintiffs would endure no prejudice from the retention or disposal of the firearms. *See* ECF No. 37 at PageID.2083 ("As Plaintiffs have repeatedly explained, they did not use but 'merely stored' the firearms at Heinrich's house."); ECF No. 41 at PageID.2194 ("And it certified an unsettled state-law issue that will likely control the outcome of the federal claims and will not cause undue delay or prejudice."); *Novak*, 2022 WL 17616430, at

*2 ("True, resolving ownership could prejudice Plaintiffs if they indeed own the firearms. But it is entirely unclear whether Plaintiffs own the firearms as demonstrated by their unwillingness to initiate forfeiture proceedings, which would provide an answer.").

There is also an interest—albeit unexercised—in conducting forfeiture proceedings for the firearms. *Id.* at *5–6 ("Charity lost to profit . . . ."). But enjoining Plaintiffs' proposed injunction would prevent the completion of forfeiture proceedings and, perhaps, Plaintiffs' ability to initiate forfeiture proceedings. *See* MICH. COMP. LAWS § 600.4708 (2015) (permitting "the unit of government that seized . . . the property" to "sell the property that is not required to be destroyed by law and that is not harmful to the public" and to "dispose of the proceeds and any money, . . . negotiable instrument, security, or other thing of value that is forfeited under this chapter"). Forfeiture would be the quickest resolution of this case—despite the Parties' curious unwillingness to initiate it. Through forfeiture proceedings, the state district court would determine who owns the firearms, which is central to Plaintiffs' claims and Defendant's defenses to them. So preventing state-court forfeiture proceedings would not be equitable or in the public interest.

Because the factors score 0–3–1, a preliminary injunction will not be issued.

### III.

The Parties were directed to show cause, on or before December 27, 2022, why they have not initiated forfeiture proceedings.

Defendant correctly responds that it may not initiate forfeiture proceedings, because "forfeiture proceedings are initiated by the County Prosecutor." ECF No. 57 at PageID.2339; see also *Novak*, 2022 WL 17176832, at *9 ("The OFA does not require 'the state or local unit of government seeking forfeiture of the property' to initiate forfeiture proceedings if the property has a value 'less than $100,000.00.'" (quoting MICH. COMP. LAWS § 600.4707(1) (2015))); MICH.

COMP. LAWS § 60.4707(4) (2015) ("The attorney general, the prosecuting attorney, or the city or township attorney shall institute a civil action for forfeiture within 28 days after the expiration of the 28-day period."). Notably, however, Defendant does not explain whether Saginaw County Prosecutor has been consulted about initiating forfeiture proceedings and, if so, whether he agrees with Defendant's seizure of the firearms. *See generally* ECF No. 57.

Plaintiffs, however, rely on an argument that three courts have repeatedly admonished: that Plaintiffs cannot initiate forfeiture proceedings in the state court of Heinrich's criminal conviction. *See* discussion *supra* Section II.B. *See generally* ECF No. 51. The problem is that the OFA clearly permits interested parties and innocent owners to initiate forfeiture proceedings. MICH. COMP. LAWS § 600.4707(2) (2015) (permitting interested parties to initiate forfeiture proceedings); *id.* § 600.4705(1) (2015) (permitting innocent owners to "move the court having jurisdiction to return the property"). And it requires the court to conduct forfeiture proceedings within 28 days of such a motion. *Id.* § 600.4707(2) (2015). And there is no apparent statute providing jurisdiction for such forfeiture proceedings in any court other than the state court of the criminal conviction. *See id.* §§ 600.4709, 600.8303 (2015). The only plausible reasons that Plaintiffs could not initiate forfeiture proceedings is if they are impliedly acknowledging either that the weapons are forfeitable, or that Plaintiffs do not own the firearms, or that they had prior knowledge of or consented to Heinrich's crime. *Id.* § 600.4705(1) (2015). If so, then Plaintiffs would not be entitled to the firearms under Michigan's forfeiture statutes, which would moot all Plaintiff's pending claims. In sum, Plaintiffs did not explain why they have not initiated forfeiture proceedings in the state court of Heinrich's criminal conviction.

Therefore, Plaintiffs will be directed to show cause, on or before January 23, 2023, why they should not be sanctioned. *See* FED. R. CIV. P. 11(b).

## IV.

Finally, Plaintiffs have filed a motion for leave to reply to Defendant's response to the show-cause order. ECF No. 58. But all it seeks to accomplish is to relieve Plaintiffs of their obligations attendant to certifying the questions to the Michigan Supreme Court, recycling the same argument about Plaintiffs' inability to initiate forfeiture proceedings. *See generally id.* And the Local Rules do not permit a reply brief to a response to a show-cause order. For these reasons, the motion should be denied.

Yet Plaintiffs' proposed reply adds one argument worth discussing, so their motion for leave to file it will be granted. *Miner v. Ogemaw Cnty. Rd. Comm'n*, 594 F. Supp. 3d 912, 926 (E.D. Mich. 2022) ("Sixth Circuit policy 'values the disposition of cases on their merits." (quoting *Burrell v. Henderson*, 434 F.3d 826, 832 (6th Cir. 2006))).

Plaintiffs newly argue they may not "move" the Seventieth District Court of Saginaw County to return the firearms under Michigan Compiled Laws § 600.4705(1). ECF No. 58-1 at PageID.2352 ("But 'move' (i.e. make a motion) where? In what open case? The word used is 'move,' not 'file an action' or 'initiate a cause of action.' The criminal case is long closed and neither Novak or Wenzel are or were parties in that criminal action.").

But it is common sense that postjudgment motions may be filed in closed cases. Notably, Plaintiffs' counsel has filed postjudgment motions in this Court. *E.g.*, Pls.' Mot. for Recons., *Kanuszewski v. Shah*, No. 1:18-CV-10472, (E.D. Mich. Feb. 7, 2019), ECF No. 66 (seeking postjudgment reconsideration of order requiring Plaintiffs' counsel to pay attorney's fees).

Indeed, the Michigan Court Rules permit parties to "move" in closed cases. *E.g.*, Mich. Ct. R. 2.610(A)(1) ("Within 21 days *after entry of judgment*, a party may move to have the verdict and judgment set aside, and to have judgment entered in the moving party's favor." (emphasis

added)); *see also* Mich. Ct. R. 2.610(B)(1) (permitting the court to "reopen the judgment"); *City Nat'l Bank v. Jackson 230, LLC*, No. 351632, 2020 WL 7266366, at *2 (Mich. Ct. App. Dec. 10, 2020) (per curiam) ("Supplementary proceedings include post-judgment motions seeking execution on the property of a judgment debtor to satisfy a judgment." (first citing MICH. COMP. LAWS § 600.6104(3); and then citing Mich. Ct. R. 2.621(A)(2))). And there is no apparent reason to read the OFA any differently. *See generally* MICH. COMP. LAWS § 600.4701 *et seq.* (2015). Nor have Plaintiffs offered any reason to do so.

In sum, Plaintiffs' argument that they cannot initiate forfeiture proceedings in the Seventieth District Court of Saginaw County remains unexplained and unsupported. So they will again be noticed that denying the ability to initiate forfeiture proceedings in the Seventieth District Court of Saginaw County without legal authority in support may lead to sanctions.

## V.

Accordingly, it is **ORDERED** that Plaintiffs' Motion for Entry of Attached Order or Alternatively for Guidance, ECF No. 54, is **DENIED WITH PREJUDICE**.

Further, it is **ORDERED** that the Parties are **DIRECTED** to submit any objections to the proposed "agreed statement of facts" **on or before January 23, 2023**.

Further, it is **ORDERED** that the Parties are **NOTICED** that further attempts not to pursue certification diligently and in good faith may result in sanctions.

Further, it is **ORDERED** that Plaintiffs are **NOTICED** that denying a genuine issue of material fact with respect to the ownership of the house, the gun cabinet, the 14 firearms it contained, or any combination of that property may result in sanctions.

Further, it is **ORDERED** that Plaintiffs are **NOTICED** that denying the ability to initiate forfeiture proceedings in the Seventieth District Court of Saginaw County without legal authority in support may lead to sanctions.

Further, it is **ORDERED** that Plaintiffs are **DIRECTED** to show cause, **on or before January 23, 2023**, for why they should not be sanctioned for failing to show cause for why they have not initiated forfeiture proceedings in the Seventieth District Court of Saginaw County.

Further, it is **ORDERED** that Plaintiffs' Motion for a Preliminary Injunction, ECF No. 53, is **DENIED**.

Further, it is **ORDERED** that Plaintiffs' Motion for Leave to File Reply to the Sheriff's Response to Show Cause Order, ECF No. 58, is **GRANTED**.

**This is not a final order and does not close the above-captioned case**.

Dated: January 9, 2023                         s/Thomas L. Ludington
                                               THOMAS L. LUDINGTON
                                               United States District Judge