UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GERALD NOVAK and ADAM WENZEL,

        Plaintiffs,                      Case No. 1:21-cv-12008

v.                                         Honorable Thomas L. Ludington
                                            United States District Judge
SHERIFF WILLIAM L. FEDERSPIEL,
in his official and personal capacities,

        Defendant.
_____/

**ORDER CERTIFYING QUESTIONS TO MICHIGAN SUPREME COURT**

This Order certifies three unsettled questions regarding Michigan's Omnibus Forfeiture Act (OFA) to the Michigan Supreme Court. *See* MICH. COMP. LAWS § 600.4701 *et seq.* The answers will likely control the outcome of the above-captioned case.

As relevant here, within 28 days of a seizure of property by law-enforcement that is not maintained for use as evidence, the OFA requires the seizing agency to send notice to people with a known or claimed ownership interest in the seized property.

Defendant Saginaw County Sheriff seized 14 firearms from Benjamin Heinrich but did not send any notice under the OFA. Defendant claims that his office did not send any notice to Plaintiffs Gerald Novak and Adam Wenzel, who now claim an ownership interest, because it was not aware of their alleged ownership interest until after its 28-day notice deadline. Defendant also did not send notice to Heinrich or his victim, but that issue is not relevant here; they are not parties.

Because Defendant did not send any notice, Plaintiffs have filed three claim-and-delivery actions: one in state district court, one in state circuit court, and one in federal court.

Although the OFA seemingly forecloses claim-and-delivery actions, it is unclear whether that limit applies before any forfeiture proceedings or hearings have begun under the OFA. And Plaintiffs refuse to file a motion under the OFA to contest the seizure, despite their apparent ability to do so. Therefore, the seizing agency and the alleged owners are in a stalemate.

No controlling Michigan precedent addresses the issue.

## I. CERTIFIED QUESTIONS

1. Must the seizing law-enforcement agency initiate forfeiture proceedings for firearms seized from a person convicted of domestic violence if no third party expresses an ownership interest within 28 days of the person's guilty plea?
2. Does the Omnibus Forfeiture Act preclude the claim-and-delivery action of a purportedly innocent owner of firearms that were seized from another person who was convicted of domestic violence?
3. If the seizing law-enforcement agency need not initiate forfeiture proceedings under the Omnibus Forfeiture Act, then must third parties file a motion to contest the seizure before filing a claim-and-delivery action to retrieve the seized property?

## II. AGREED STATEMENT OF FACTS

The following list of facts is based on this Court's review of the record. Objections are included in footnotes. *See also* ECF Nos. 65 (listing Plaintiffs' objections); 66 (listing Defendant's objections). Facts without a footnote are "agreed" by no objection or affirmed objection.

1. On October 24, 2017, while drunk and frustrated with his crying daughter, Benjamin Joseph Heinrich marched into his bedroom, opened an unlocked gun cabinet less than two feet from his bed, pulled out a shotgun, and forced "H,"

Heinrich's daughter's mother, to "leave by gunpoint." ECF Nos. 2-2 at PageID.48–49; 10-9 at PageID.429.[1]

2. H fled, then Heinrich "put the gun back in the [cabinet] and walked out of the room." ECF No. 2-2 at PageID.49.

3. H called the police and gave them a cell-phone video of the assault. ECF No. 2-2 at PageID.50.

4. Officers from the Saginaw County Sheriff's Office and Chesaning Police Department arrested Heinrich for felonious assault, MICH. COMP. LAWS § 750.82 (2004), and domestic violence, MICH. COMP. LAWS § 750.81(2) (2016). ECF Nos. 2-2 at PageID.48; 2-4 at PageID.57; *see also People v. Heinrich*, No. 17-006720-FY (Mich. 70th Dist. Ct. Saginaw Cnty. filed Oct. 25, 2017).[2]

5. From the gun cabinet, the officers seized the shotgun and 13 other firearms. ECF No. 2-2 at PageID.48–49.[3]

6. The police report describes the incident as a "lover's quarrel," an "Agg/Fel Assault—Family Gun," and as "Aggravated Felonies Assault," and it contains an inventory list of the 14 firearms that the Sheriffs seized. *See* ECF No. 2-2 at PageID.47, 50–55.[4]

7. The firearm Heinrich used was a New England Firearms Pardner Model .410 GA shotgun (SN: NB218049). *See* ECF No. 2-2 at PageID.53.[5]

---

[1] Plaintiffs: the statement is not accurate.
[2] Plaintiffs: the statement is not accurate.
[3] Plaintiffs: whether the firearms were "seized" under the Omnibus Forfeiture Act is disputed.
[4] Plaintiffs: whether the firearms were "seized" under the Omnibus Forfeiture Act is disputed. Defendant: the fact is not material.
[5] Plaintiffs: use of words "Pardner Model" is improper.

8. The New England .410 shotgun was not fired during the incident.

9. According to the police report, nine of the remaining firearms have serial numbers, but four do not. *See* ECF No. 2-2 at PageID.50–55.[6]

10. According to the police report, the firearms without a serial number are a "Dumoulin & Co" shotgun, a "Kodiak 260" rifle, a .22 caliber "Silver Remington Revolver pistol," and a "Remington 572" rifle. *See* ECF No. 2-2 at PageID.50–55.[7]

11. The remaining nine firearms are a Remington 7600 rifle (SN: 8333002), a Remington 870 shotgun (SN: T123283V), a Remington 710 rifle (SN: 71116295), a Colman 781 air-soft rifle (SN: 489501837), a Winchester 94 rile (SN: 1806102), a Marlin 60 rifle (SN: 00231057), a Remington 1100 rifle (SN: 104238X), a Savage 2204 rifle (SN: 410), and a Gamemaster 760 rifle (SN: A7080267). ECF No. 2-2 at PageID.50–55.[8]

12. The firearms without serial numbers are presumptively contraband, *see* MICH. COMP. LAWS § 750.230 (2004), but might be exempt as "antique firearms," *see* MICH. COMP. LAWS § 750.231a(2) (2012).[9]

13. The police report provides that "14 guns were placed into evidence, 13 were for safe keeping." ECF No. 2-2 at PageID.50.

14. Only three of the firearms in the police report have a "status" of "Held for Safe Keeping." *See* ECF No. 2-2 at PageID.50–55.[10]

---

[6] Plaintiffs: serial numbers have not yet been verified by discovery.
[7] Plaintiffs: serial numbers have not yet been verified by discovery.
[8] Plaintiffs: this information has not yet been verified by discovery.
[9] Plaintiffs: this is an inaccurate statement of law.
[10] Plaintiffs: this statement is duplicative. Defendant: the fact is not material.

15. At the Saginaw County Circuit Court, Plaintiffs Gerald Novak and Adam Wenzel argued the 14 firearms were seized "for whatever reasons." ECF No. 11-13 at PageID.1120.

16. At the state district court, Plaintiffs Gerald Novak and Adam Wenzel argued "the [14] firearms were not 'seized' by the Sheriff's Office as that term means under MCL 600.4702 but instead were taken into custody merely for 'safekeeping.'" ECF No. 2-11 at PageID.94.

17. In the United States District Court for the Eastern District of Michigan, Plaintiffs Gerald Novak and Adam Wenzel alleged "[t]he 13 were taken to Defendant's office for 'safekeeping;' the fourteenth was seized as evidence." ECF Nos. 1 at PageID.3, 4–5; 2 at PageID.35.

18. During discovery, Defendant answered that "the [14] firearms were seized incident to the arrest of a criminal Defendant who has not claimed ownership nor requested return." ECF No. 11-6 at PageID.973.

19. At the state district court, Defendant maintained the position that all 14 firearms were seized "incident to the arrest of Joseph Heinrich." ECF No. 11-21 at PageID.1220, 31.

20. On November 30, 2017, Heinrich pleaded guilty to domestic violence under § 750.81(2). *See* ECF No. 2-4 at PageID.58.

21. Convicted of domestic violence, Heinrich could not legally possess firearms under federal or state law. ECF No. 20 at PageID.1542 (first citing 18 U.S.C. § 922(g)(9)

(2015); and then citing MICH. COMP. LAWS § 750.224(f) (2004)); *see also id.* at PageID.1556.[11]

22. Plaintiff Gerald Novak is Heinrich's uncle, and Plaintiff Adam Wenzel is Heinrich's step-cousin once removed. *See* ECF Nos. 2-5 at PageID.61; 2-6 at PageID.63.

23. Defendant's internal email reflects that sometime "soon after" the incident, but no later than June 1, 2018, two of Heinrich's relatives—Plaintiffs Gerald Novak and Adam Wenzel—started "calling and asking for the guns back." *See* ECF No. 2-5 at PageID.60–61.

24. However, Plaintiffs Gerald Novak and Adam Wenzel maintain that "they sought the return of the firearms" in "early 2019." ECF No. 2 at PageID.37.

25. The exact date that Plaintiffs Gerald Novak and Adam Wenzel first notified Defendant of their purported interest in the firearms is unknown.

26. Despite Plaintiffs' "numerous calls to [Defendant], it refuses to return the 14 firearms." ECF No. 11-2 at PageID.910; *see also* ECF No. 2-5 at PageID.61 (statement of Detective Jeffrey Kruszka) ("I replied too bad, no proof of ownership, and the one who had last custody of the guns was a violent drunk.").

27. In December 2017, District Judge A.T. Frank of the Seventieth District Court of Saginaw County sentenced Heinrich to one year of probation. ECF No. 2-4 at PageID.59.

---

[11] Plaintiffs: this is an inaccurate statement of state law.

28. Heinrich began probation in January 2018, ECF No. 2-4 at PageID.59, completed it in December 2018, ECF No. 11-2 at PageID.921, and was discharged from it in January 2019, ECF No. 2-4 at PageID.59.

29. Three months after Heinrich's probation ended, Plaintiffs Gerald Novak and Adam Wenzel sought the firearms in a claim-and-delivery action in the Tenth Circuit Court of Saginaw County. *See Novak v. Saginaw Cnty. Sheriff's Off.*, No. 19-039371-PD (Mich. 10th Cir. Ct. Saginaw Cnty. filed May 13, 2019).

30. In March 2020, Heinrich disclaimed ownership of the firearms—for the first time—which bolstered Plaintiffs' claims to the firearms. *See* ECF No. 11-26 at PageID.1291–92.

31. In an August 2020 order granting in part Plaintiffs' motion for leave to amend the complaint, Circuit Judge André R. Borrello suggested Plaintiffs should seek the "return of the weapons through alternative statutory procedures." ECF No. 11-2 at PageID.1114 (first citing MICH. COMP. LAWS § 600.4702(1)–(2) (2015); then citing MICH. COMP. LAWS § 600.4705(1) (2015); and then citing MICH. COMP. LAWS §§ 750.239, 750.239a (2010)).

32. Judge Borrello also explained that Plaintiffs Gerald Novak and Adam Wenzel could initiate "the expedited hearing [under Michigan Compiled Laws § 600.4705] to which [they are] entitled under state law," avoiding "the more cumbersome and expensive process" for a civil cause of action for claim and delivery. ECF No. 11-2 at PageID.1117.

33. Then in a January 2021 order granting summary judgment for Defendant, Judge Borrello

- 7 -

(1) denied Plaintiffs' claim-and-delivery action on the merits;

(2) held that proper jurisdiction to resolve this dispute was in the Saginaw County 70th District Court;

(3) held that the New England .410 shotgun was "seized" under the OFA as an "instrumentality of a crime" and, therefore, was "not subject to any other action to recover personal property," because "a claim and delivery action in the Circuit Court is an improper mechanism to recover th[e] firearm[s]";

(5) found there was no valid reason to split the claim for return of the New England .410 from the claims for the remainder of the firearms; and then

(4) dismissed the case "without prejudice to Plaintiffs' ability to bring their claims in the appropriate court." ECF No. 11-15 at PageID.1135–44.[12]

34. Instead of challenging the seizure of the firearms or requesting their return under the innocent owner provisions of the forfeiture statute, Plaintiffs Gerald Novak and Adam Wenzel sought the same civil "claim and delivery" relief, which was assigned to District Judge Terry L. Clark—a different judge in the state district court of Heinrich's criminal conviction. *See Novak v. Saginaw Cnty. Sheriff's Off.*, No. 21-0781-GZ (Mich. 70th Dist. Ct. Saginaw Cnty. filed Feb. 24, 2021).[13]

35. Judge Clark dismissed the case in August 2021 by (1) denying Plaintiffs' Motion for Summary Disposition and (2) granting Defendant's Motion for Summary Judgment on the grounds that the Saginaw County Sherriff's Office is not a legal

---

[12] Plaintiffs: the scope, legal effect, and meaning of Judge Borrello's original decision is disputed.
[13] Plaintiffs: they cannot challenge the seizure in the Saginaw County 70th District Court.

entity and Plaintiffs' Claim and Delivery action is barred by governmental immunity. ECF No. 2-10 at PageID.91.[14]

36. Plaintiffs Gerald Novak and Adam Wenzel again chose not to initiate forfeiture proceedings. Instead, they appealed the district court's order to the Tenth Circuit Court of Saginaw County. *See Novak v. Saginaw Cnty. Sheriff's Off.*, No. 21-045333-AV (Mich. 10th Cir. Ct. Saginaw Cnty. filed Sept. 3, 2021).[15]

37. On December 15, 2022, Saginaw County Circuit Court affirmed Judge Clark's dismissal of the second claim-and-delivery action, finding that the Saginaw County Sheriff's Office is not a legal entity subject to suit, but it did not address Judge Clark's finding that Plaintiffs' claim was barred by governmental immunity or Defendant's additional arguments. ECF No. 50-1 at PageID.2241–42.

38. Meanwhile, Judge Clark ordered that the 14 firearms shall "not be disposed of until appeal is resolved." *Novak v. Saginaw Cnty. Sheriff's Off.*, No. 21-0781-GZ (Mich. 70th Dist. Ct. Saginaw Cnty. Aug. 31, 2021).[16]

39. Whether Judge Clark's injunction is still in effect is questionable because Plaintiffs may appeal his order but have not stated whether they will.[17]

40. Defendant's primary concern seems to be that Plaintiffs Gerald Novak and Adam Wenzel are merely claiming ownership to retrieve the firearms for Heinrich, who may not legally possess them. *See* ECF No. 20 at PageID.1555–56.[18]

---

[14] Plaintiffs: this statement is not completely accurate.
[15] Plaintiffs: they cannot challenge the seizure in the Saginaw County 70th District Court.
[16] Defendant: the fact is not material.
[17] Plaintiffs: the injunction is not in effect. Defendant: the injunction is not in effect because Plaintiffs will not appeal.
[18] Plaintiffs: the statement is incomplete. Defendant: Defendant's primary concern is that the firearms be properly handled under the law, whether that be returning them to Plaintiffs if they can

41. Plaintiffs Gerald Novak and Adam Wenzel inconsistently acknowledge that they "[s]tored" the 14 firearms at Heinrich's house yet deny "they were []ever given to, put in possession of, or provided to Mr. Heinrich in any way." ECF No. 1 at PageID.3; *accord* ECF Nos. 2-6; 2-7.[19]

42. Plaintiffs Gerald Novak and Adam Wenzel are "unable to document ownership of these firearms" but allege that some are "family heirlooms." ECF No. 2-6 at PageID.63, 64, 65.[20]

43. The address of the house is 22173 Nelson Rd, Merrill, MI 48637. ECF No. 32-12 at PageID.1974.

44. Heinrich has lived in the house since at least June 4, 2014, ECF No. 10-4 at PageID.288, while his mother held at least partial title, *see* ECF No. 11-7 at PageID.1004–06.[21]

45. Yet, despite public records suggesting otherwise, Plaintiffs maintain that Gerald Novak always has been the sole owner of the house. *See* ECF No. 2 at PageID.35 n.1 ("Plaintiff Novak is the owner of the property and has long allowed Mr. Heinrich and his girlfriend to stay [there]." (citing ECF No. 2-6 at PageID.63)).[22]

46. In sum, Plaintiffs Gerald Novak and Adam Wenzel argue they are two innocent owners who just want their family's guns returned.[23]

---

properly prove ownership to the court with jurisdiction, handing them over to a proper bailee of Heinrich, or disposing of them under Michigan law.
[19] Plaintiffs: the statement is not fairly presented with the established facts.
[20] Plaintiffs: the statement is not fairly presented with the proper facts.
[21] Plaintiffs: this fact is irrelevant.
[22] Plaintiffs: the statement is not fairly presented with the facts.
[23] Plaintiffs: the statement is not fairly presented with the established facts.

47. Defendant maintains that Michigan law does not require the Sheriff's Office (i.e., the seizing agency) to initiate forfeiture proceedings of the firearms that they seized because the only person with a "known ownership interest" in the firearms 28 days after Heinrich's criminal conviction was Heinrich.[24]

48. Defendant also alleges Plaintiffs Gerald Novak and Adam Wenzel could still initiate forfeiture proceedings under Michigan Compiled Laws § 4705(1) but have chosen not to do so.

49. Neither party has initiated forfeiture proceedings.[25]

50. Plaintiffs' counsel refuses to initiate forfeiture proceedings, in part, because he "fully distrust[s] the political and legal climate of the Saginaw County courts and their perceived view regarding being anti-firearms," which will lead its "legal fleas" to "fully reject[ their claims] regardless of merit." ECF No. 67 at PageID.2492, 2503–04.

51. Forfeiture proceedings and a claim-and-delivery action would both require a determination of who owns the firearms, which is still unknown.[26]

52. Forfeiture would also require a determination of whether the firearms are subject to forfeiture, which is still unknown.[27]

---

[24] Defendant: if Plaintiffs truly do own the firearms, as they claim, then they must apply to the 70th District Court with jurisdiction over the criminal matter and the property seized in it. If they do so, then that court will order the Sheriff to return the weapons, and he will do so within seven days.
[25] Defendant: the fact is not material.
[26] Plaintiffs: the statement before the comma is an improper conclusion of law.
[27] Plaintiffs: this is a statement of law. Defendant: the deadline to forfeit the property under the OFA has passed.

53. Other than their own affidavits, Plaintiffs Gerald Novak and Adam Wenzel have no proof of title to the firearms because "there are no existing ownership papers" for any of the 14 the firearms. ECF Nos. 2 at PageID.37; 2-6 at PageID.64 (affidavit of Gerald Novak) ("I would provide it, if I had such paperwork, as it would help my lawsuit."); *accord* ECF No. 2-7 at PageID.65 (affidavit of Adam Wenzel).[28]

54. Plaintiffs Gerald Novak and Adam Wenzel did not physically possess the firearms when they were taken by county deputies October 24, 2017, because the firearms were in the gun cabinet in the house in which neither Plaintiff lives.

55. No case from the Michigan Supreme Court or the Michigan Court of Appeals has directly addressed the relevant statutory language from the Omnibus Forfeiture Act discussed in *Novak v. Federspiel*, No. 1:21-CV-12008, 2022 WL 17176832 (E.D. Mich. Nov. 23, 2022) (discussing Michigan Compiled Laws § 600.4701 *et seq.*).

56. Neither Defendant nor the County Prosecutor has sent anyone notice of an intent to forfeit the property or to initiate forfeiture proceedings.

57. The police lawfully seized the firearms under an undetermined legal authority.[29]

58. The police will not return the firearms.

59. But the Parties disagree over the legal basis for the lawful seizure of the firearms.[30]

60. The Parties disagree over whether the firearms are subject to forfeiture.[31]

---

[28] Plaintiffs: the statement is duplicative.
[29] Plaintiffs: the statement is not fairly presented based on the facts and makes a conclusion of law, i.e. "*lawfully* seized." Defendant: the firearms at issue were seized as instrumentalities of a crime and incident to the lawful arrest of Henrich.
[30] Plaintiffs: the statement is not fairly presented based on the facts and makes a conclusion of law, i.e. "*lawfully* seized." Defendant: the parties disagree as to the proper process to litigate Plaintiffs' claims of innocent ownership or improper seizure, not forfeiture.
[31] Plaintiffs: the firearms are not, today, subject to forfeiture.

61. There is a genuine question of fact over who owns the firearms. *Novak v. Federspiel*, No. 1:21-CV-12008, 2023 WL 130411, at *7 (E.D. Mich. Jan. 9, 2023) ("Accordingly, a reasonable juror could conclude that Heinrich more likely than not owns the house, the gun cabinet, the 14 firearms it contained, or any combination of that property.").[32]

62. It is unknown due to lack of discovery whether the seizing agency had notice of Plaintiffs' alleged interest in the firearms within 28 days of Heinrich's domestic-violence conviction.[33]

### III. CONCLUSION

Accordingly, it is **ORDERED** that the Parties are **DIRECTED** to attach this Order as an appendix to their briefs to the Michigan Supreme Court. E.D. Mich. LR 83.40(c).

Further, it is **ORDERED** that the Parties are **DIRECTED** to use this Order as the "Certificate" required under Michigan Court Rule 7.308(A)(2)(b).

Further, it is **ORDERED** that the Parties are **DIRECTED** to attach this Court's November 23, 2022 Opinion and Order, ECF No. 37, as the "Order of Certification" required by Local Rule 83.40. *See also Novak v. Federspiel*, No. 1:21-CV-12008, 2022 WL 17176832 (E.D. Mich. Nov. 23, 2022), *recons. denied*, No. 1:21-CV-12008, 2022 WL 17415116 (E.D. Mich. Dec. 5, 2022), *and mot. for relief from j. denied*, No. 1:21-CV-12008, 2022 WL 17616430 (E.D. Mich. Dec. 13, 2022).

Further, it is **ORDERED** that the Parties are **DIRECTED** to submit their briefs, appendixes, and attachments in compliance with Michigan Court Rule 7.308(A) to certify the three

---

[32] Plaintiffs: the statement is inaccurate.
[33] Defendant: the fact is not material, as Defendant did not and does not seek to forfeit the firearms—only to return them to their lawful owner

- 13 -

unsettled questions of Michigan law to the Michigan Supreme Court **on or before February 24, 2023**. This Order includes the Judge's signature, and the certifying seal of the Clerk of the Court.

Further, it is **ORDERED** that, under Local Rule 83.40(b), the above-captioned case is **STAYED** until the Michigan Supreme Court denies certification, the Michigan Supreme Court issues a final order resolving the certified questions, further order of this Court, or August 1, 2024.

Further, it is **ORDERED** that the Parties are **DIRECTED** to file a joint status report in the above-captioned case on the first of every month that the case is stayed, unless that day would be Saturday, Sunday, or legal holiday, in which case the status report must be filed on the first accessible day that is not a Saturday, Sunday, or legal holiday. *See* FED. R. CIV. P. 6(a)(3). The first such report is due March 1, 2023.

**This is not a final order and does not close the above-captioned case**.

Dated: January 27, 2023

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

