UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GERALD NOVAK and ADAM WENZEL,

                    Plaintiffs,                              Case No. 1:21-cv-12008

v.                                                Honorable Thomas L. Ludington
                                                United States District Judge
SHERIFF WILLIAM L. FEDERSPIEL,

                    Defendant.

_____/

**ORDER STATING THAT PLAINTIFFS' MOTIONS RAISE SUBSTANTIAL ISSUES**

If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may . . . state . . . that the motion raises a substantial issue." FED. R. CIV. P. 62.1. There are two substantial issues that will be stated.

**I.**

Plaintiffs' Motion for Summary Judgment as to Count II, ECF No. 20, raises a substantial issue and cannot be granted due to Plaintiffs' pending appeals: a potentially moot appeal.

On November 23, 2022, due to a potentially dispositive interpretation of Michigan's forfeiture statutes, the case was stayed until "further order of this Court" or "the disposition of *Novak v. Saginaw County Sheriff's Office*, No. 21-045333-AV (Mich. Cir. Ct. Saginaw Cnty. filed Sept. 3, 2021)" so that the parties could certify questions of Michigan's forfeiture statutes to the Michigan Supreme Court. *Novak v. Federspiel*, No. 1:21-CV-12008, 2022 WL 17176832 (E.D. Mich.), *recons. denied*, 2022 WL 17415116 (E.D. Mich.), *and relief from j. denied*, 2022 WL 17616430 (E.D. Mich. 2022). Plaintiffs appealed, depriving this Court of its jurisdiction over the motion for summary judgment. *See* ECF Nos. 42; 45; 46.

As the Sixth Circuit noted, however, "[t]he state circuit court's decision in that case was issued on December 15, 2022, after Plaintiffs moved [the Sixth Circuit] to stay the certification ruling." *Novak v. Federspiel*, No. 22-2088, 22-2104 (6th Cir. Dec. 22, 2022), ECF No. 20-1 at 3 n.2. The parties notified this Court of the state circuit court's decision five days later, and this Court lifted the stay in a Text-Only Order. *See* ECF No. 50. On January 27, 2023, the parties were directed to submit the completed paperwork to the Michigan Supreme Court for certification, ECF No. 68, and a new stay was entered by a Text-Only Order for that purpose, which is still in effect and has not been contested in any way. The certification briefing was completed on February 27, 2023. *See In re Certified Question (Novak v. Federspiel)*, No. 165-282 (Mich.), ECF No. 8.

But the parties have not informed the court of appeals of the lift of the first stay or the entry of the second stay. So this Court will state that Plaintiffs' Motion for Summary Judgment as to Count II raises the substantial issue: The stay that Plaintiffs appealed was lifted on December 20, 2022, when the parties submitted the decision of the Saginaw County Circuit Court, ECF No. 50, which "would, of course, moot Plaintiffs' appeal," *Novak*, No. 22-2088, 22-2104 (6th Cir. Dec. 22, 2022), ECF No. 20-1 at 3, and a new stay was entered on January 27, 2023, ECF No. 68, which has not been contested or appealed. Simply put, the substantial issue is whether the pending stay affects the Sixth Circuit's ability to decide whether to reverse the first stay.

**II.**

Plaintiffs' Motion for Leave to File First Amended Complaint, ECF No. 29, also raises a substantial issue and cannot be granted due to Plaintiffs' three pending appeals. While Plaintiff's request for leave to file an amended complaint was pending decision—as it still is—they filed an amended complaint. ECF No. 35 (stricken). Plaintiff's First Amended Complaint was stricken because they filed it without leave to do so. *Novak*, No. 1:21-CV-12008, 2022 WL 17176832, at

*15 (E.D. Mich. Nov. 23, 2022). They appealed that decision to the Sixth Circuit Court of Appeals, where they now represent that they were permitted to file the First Amended Complaint by right because Defendant filed an untimely Answer to the Complaint. Appellants' Reply at 15, *Novak*, No. 22-2088, 22-2104 (6th Cir.).

However, neither party has mentioned on appeal that Defendant's Answer, ECF No. 30, was stricken via Text-Only Order on December 5, 2022, for being untimely under Rule 12(a)(1)(A) and filed without leave. *Novak*, No. 1:21-CV-12008, 2022 WL 17616430, at *1 n.1 (E.D. Mich. Dec. 13, 2022). So this Court will state that Plaintiffs' Motion for Leave to File First Amended Complaint raises a substantial issue: Defendant's Answer was stricken on December 5, 2022.

**III.**

Accordingly, it is **ORDERED** that it is **STATED** that the stay that Plaintiffs appealed was lifted on December 20, 2022, when the parties submitted the decision of the Saginaw County Circuit Court, ECF No. 50, which "would, of course, moot Plaintiffs' appeal," *Novak v. Federspiel*, No. 22-2088, 22-2104 (6th Cir. Dec. 22, 2022), ECF No. 20-1 at 3, and a new stay was entered on January 27, 2023, ECF No. 68, which Plaintiffs have not appealed.

Further, it is **ORDERED** that it is **STATED** that Defendant's Answer, ECF No. 30, was stricken by Text-Only Order on December 5, 2022, for being untimely and filed without leave.

Further, it is **ORDERED** that the Clerk of the Court is **DIRECTED** to send this Order to the Sixth Circuit Court of Appeals clerks assigned to case numbers 22-2088, 22-2104, and 23-1024 **on or before April 21, 2023**. *See* FED. R. CIV. P. 62.1(b); FED. R. APP. P. 12.1(a).

**This is not a final order and does not close the above-captioned case**.

Dated: April 21, 2023                                              s/Thomas L. Ludington
                                                                              THOMAS L. LUDINGTON
                                                                              United States District Judge