## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

GERALD NOVAK and
ADAM WENZEL,
     Plaintiffs,

Case No.: 21-cv-12008
Honorable Thomas L. Ludington

v.

**FIRST AMENDED COMPLAINT
JURY DEMANDED**

WILLIAM FEDERSPIEL,
in both his official and personal
capacities,
     Defendant

_____/

OUTSIDE LEGAL COUNSEL PLC
PHILIP L. ELLISON (P74117)
Counsel for Plaintiffs
PO Box 107
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

TIMOTHY S. FERRAND (P39583)
CUMMINGS, MCCLOREY, DAVIS
& ACHO, PLC
Attorney for Defendant
19176 Hall Road, Suite 220
Clinton Township, MI 48038
(586) 228-5600
tferrand@cmda-law.com

_____

### FIRST AMENDED COMPLAINT

NOW COME Plaintiffs GERALD NOVAK and ADAM WENZEL, by

counsel, and complains unto the Court as follows—

### PARTIES

1.    Plaintiff GERALD NOVAK is a resident of the State of Michigan.

2.    Plaintiff ADAM WENZEL is a resident of the State of Michigan.

3.    Defendant WILLIAM FEDERSPIEL is the duly-elected Sheriff of

Saginaw County and is sued in both his official and personal capacities.

1

**JURISDICTION**

4.     This is a civil action brought pursuant to 42 U.S.C. § 1983 seeking injunctive relief together with monetary damages against Defendant WILLIAM FEDERSPIEL for violations of the United States Constitution; for monetary damages under the Michigan Constitution pursuant to this Court's supplemental jurisdiction; and for injunctive relief under the Claim-and-Delivery statute.

5.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331, which authorizes federal courts to decide cases concerning federal questions; 28 U.S.C. § 1343, which authorizes federal courts to hear civil rights cases; and 28 U.S.C. § 1367, which authorizes supplemental jurisdiction over state law claim(s).

6.     Venue is proper in this Court as Defendant conducts business in the Eastern District of Michigan.

**GENERAL ALLEGATIONS**

7.     Sheriff deputies were called to the deer-hunting cabin-house owned by Plaintiff GERALD NOVAK but long decamped by Benjamin J. Heinrich in the rural part of Merrill, Michigan. See **Exhibit 1**.

8.     Mr. Heinrich and his life-in companion, "H", had a heated dispute over a crying child and, without authority or permission, Mr. Heinrich took

2

one of Plaintiff GERALD NOVAK's firearms (a New England .410) from the gun cabinet and pointed it at H demanding that she leave the premises.

9.   According to the police report, the firearm was then returned back to the gun cabinet.

**10.**   After arriving, the deputies interviewed and documented the same as a "lovers' quarrel" with no injury. See **Exhibit 1, p. 1.**

11.   Mr. Heinrich was arrested and the deputies then seized, pursuant to Chapter 47 of the Revised Judicature Act of 1961, the single New England .410 used by Mr. Heinrich.

12.   Plaintiffs GERALD NOVAK and ADAM WENZEL did not authorize, condone, bless, have any part of, or contribute in any way to the events or interactions between Mr. Heinrich and H.

13.   Stored at deer-hunting cabin-house owned by Plaintiff GERALD NOVAK were fourteen firearms owned by respectively Plaintiffs GERALD NOVAK and ADAM WENZEL—

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

## PLAINTIFF GERALD NOVAK'S FIREARMS

*All references to (#) refers to the Item No. in Saginaw County Sheriff's Office Crime Report No. 1717304037.1*

| | | |
|---|---|---|
| **(1)** Remington Model 7600 Black Brown Wood Stock and Black Metal Barrel SN: 8333002 | **(6)** Winchester Model 94 Brown Wood Stock and Black Metal Barrel SN: 1806102 | **(11)** Remington Revolver Pistol Model 22 Caliber Silver SN: Not Listed |
| **(2)** Remington Model 870 Brown Wood Stock and Black Metal Barrel SN: T123283V | **(7)** Kodiak Model 260 Wood Stock, Black Barrel SN: Not listed | **(12)** Savage 2204 Wood Stock, Black Barrel SN: 410 |
| **(4)** Coleman Model 781 Plastic Brown & Black Air Soft Gun SN: 489501837 | **(9)** Remington 1100 Wood Stock, Black Barrel SN: 104238X | **(13)** Remington Model 572 Wood Stock, Black Barrel SN: Not Listed |
| **(5)** Dumoulin & Co Shotgun Wood Stock and Black Metal Barrel SN: Not Listed | **(10)** New England 398848 [†] Wood Stock, Black Barrel SN: NB218049 | **(14)** Gamemaster Model 760 Wood Stock, Black Barrel SN: A7080267 |

† This is the firearm used by Mr. Heinrich.

## PLAINTIFF ADAM WENZEL'S FIREARMS

*All references to (#) refers to the Item No. in Saginaw County Sheriff's Office Crime Report No. 1717304037.1*

| | | |
|---|---|---|
| **(3)** Remington Model 710 Gray & Black (Green) SN: 71116295 | **(8)** Marlin 60 Wood Stock and Black Barrel SN: 00231057 | |

14.    These fourteen firearms were merely stored at Plaintiff GERALD NOVAK's deer-hunting cabin-house; they were never given to, put in possession of, or provided to Mr. Heinrich in any way.

15.    Claiming for "safekeeping" purposes, deputies of the Saginaw County Sheriff's Office also took possession of the remaining thirteen

firearms owned respectively by Plaintiffs GERALD NOVAK and ADAM WENZEL. See **Exhibit 1**.

16.    None of the thirteen firearms were subject to "seizure" or were "seized" pursuant to Chapter 47 of the Revised Judicature Act of 1961 as those terms are utilized under law.

17.    None of the thirteen firearms were an instrumentality of a crime or were seized as incident to a lawful arrest.

18.    None of the thirteen firearms were the proceeds of a crime.

19.    None of the thirteen firearms were the substituted proceeds of a crime.

20.    None of the thirteen firearms were seized pursuant to a search warrant.

21.    None of the thirteen firearms were seized pursuant to an inspection under a valid administrative inspection warrant.

22.     None of the thirteen firearms were seized were the result of probable cause to believe that the property is directly or indirectly dangerous to health or safety.

23.    None of the thirteen firearms contributed directly and materially to the commission of the crime; was used to conceal the crime; was used to

escape from the scene of the crime; or was used to conceal the identity of the individual(s) who committed the crime.

24.     None of the thirteen firearms were legally seized or had anything to do with heated dispute between Mr. Heinrich and his companion, "H", or were the instrumentalities of a crime.

25.     None of the thirteen firearms were property subject of a prior judgment in favor of the State of Michigan in a forfeiture proceeding.

26.     None of the thirteen firearms were used at trial or on appeal.

27.     As to the fourteenth firearm, the New England .410, it is "well settled" that the government is permitted to seize evidence for use in investigation and trial, but that such property must be returned once criminal proceedings have concluded, unless it is contraband or subject to forfeiture.

28.     As explained in the police report generated at the time, the firearms were taken to the Saginaw County Sheriff's Office merely for "safekeeping" while the New England .410 "was placed in the property room as evidence." **Exhibit 1.**

29.     Mr. Heinrich was charged with various criminal charges and then later pled guilty to and was sentenced to probation for domestic violence.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

30.    Mr. Heinrich has since complied with all the terms of his probation and has been fully discharged from custody of the Michigan criminal justice system as of January 7, 2019. **Exhibits 2 and 3.**

31.    As of January 7, 2019, Defendant WILLIAM FEDERSPIEL thereafter had no lawful basis to retain possession of the fourteen firearms.

32.    After the discharge of Mr. Heinrich from the state criminal justice system, Plaintiffs sought the return of their firearms in 2019.

33.    Saginaw County Sheriff's Detective Jeffrey Kruszka confirmed the same in an email dated February 22, 2019 but the response, on behalf of Defendant WILLIAM FEDERSPIEL, was "too bad." **Exhibit 4**.

34.    According to Detective Kruszka, "the longer we keep the guns, the better." **Exhibit 4**.

35.    Attempts to obtain the firearms through two separate claim-and-delivery lawsuits in the state court against the "Saginaw County Sheriff's Office" (but not Defendant WILLIAM FEDERSPIEL) have been unsuccessful due to neither state court willing to either take jurisdiction or has otherwise has held that the "Sheriff's Office" is immune from suit or judgment under MCL 600.4705 and .4709.

36.    Until this federal suit, Plaintiffs GERALD NOVAK and ADAM WENZEL have "never named, identified, or [successfully] served process

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

on… Saginaw County Sheriff William Federspiel." See **ECF No. 10-14, PageID.750.**

37.    There is no mechanism under Michigan law (absent the claim-and-delivery claim here, which Defendant WILLIAM FEDERSPIEL denies being subject to) for the thirteen firearms because none were used in the assault by Mr. Heinrich and unquestionably were never "seized" under MCL 600.4701 et seq to be subject to such return process and/or have been sought back pursuant to MCL 600.4705 and .4709 without success.

38.    Moreover, under the William Van Regenmorter Crime Victim's Rights Act, the Michigan Legislature has directed that "the law enforcement agency having responsibility for investigating a reported crime shall promptly return to the victim property belonging to that victim which is taken in the course of the investigation…" MCL 780.754(1); MCL 780.783(1); see also MCL 780.814(1).

39.    As the owners of property (i.e. the firearms) essentially purloined from them, Plaintiffs GERALD NOVAK and ADAM WENZEL are victims and have not been returned their firearms. See MCL 780.752(1)(m); MCL 780.781(1)(j); see also 780.811(1)(h).

40.    Defendant WILLIAM FEDERSPIEL has possession of and/or control over the 14 firearms; does not have ownership; and refuses to return

8

them to Plaintiffs GERALD NOVAK and ADAM WENZEL.

**COUNT 1**
**FIFTH / FOURTEENTH AMENDMENTS**
**ORDER FOR RETURN AND DAMAGES FOR <u>TEMPORARY</u> TAKING**
**42 U.S.C. § 1983 - "FREIN" CLAIM**

41.     The prior paragraphs are alleged word for word herein.

42.     The Fifth Amendment to the Constitution provides that "private property shall not be taken for public use, without just compensation." U.S. Const. amend. V.

43.     However, the Fifth Amendment also provides a potential remedy of an "injunction requiring the [government] to return their property," *Frein v. Penn. State Police*, 47 F.4th 247, 257-258 (3d Cir. 2022); see also *Osborne v. Missouri Pacific R. Co.*, 147 U.S. 248, 258-259 (1893); *Youngstown Sheet & Tube Co. v. Sawyer*, 343 U.S. 579, 584-585 (1952); and then also an award of damages for the *temporary* deprivation of property, *Cedar Point Nursery v. Hassid*, 141 S. Ct. 2063, 2074 (2021) (a physical appropriation is a taking whether it is permanent or temporary; the duration of the appropriation bears only on the amount of compensation due citing *United States v. Dow*, 357 U.S. 17, 26 (1958)).

44.     The Fifth Amendment, made applicable to the states via the Fourteenth Amendment, is a constitutional provision and right requiring the payment of just compensation by Defendant WILLIAM FEDERSPIEL, even

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

if such taking is just temporary. See *Knick v. Twp. of Scott*, 139 S. Ct. 2162 (2019).

45.     Defendant WILLIAM FEDERSPIEL has possession of all fourteen firearms. See **Order, ECF No. 78, PageID.2618, ¶1.**

46.     Upon the ordered return of the firearms pursuant to this suit (see Paragraph 43, *supra*), Defendant WILLIAM FEDERSPIEL has also caused the unconstitutional temporary taking of Plaintiffs GERALD NOVAK and ADAM WENZEL's property interests as to the firearms for public use without the payment of just compensation in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

47.     When Defendant WILLIAM FEDERSPIEL temporarily took private property without paying for it, Defendant WILLIAM FEDERSPIEL violated the Fifth Amendment.

48.     Defendant WILLIAM FEDERSPIEL, in his official capacity, is liable pursuant to the *Monell* standard as flowing from the execution of a policy or custom pursuant one or more of the four recognized methodologies, see *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005).

49.     The actions and/or inactions of Defendant WILLIAM FEDERSPIEL was expressly designed to intentionally or wantonly cause harm to Plaintiffs GERALD NOVAK and ADAM WENZEL due to the utter

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

disregard of the constitutionally protected rights of Plaintiffs GERALD NOVAK and ADAM WENZEL.

50.    Defendant WILLIAM FEDERSPIEL has not paid, will not pay, and does not intend to pay just compensation then, now, or into the future.

51.    Plaintiffs GERALD NOVAK and ADAM WENZEL have suffered damages which this Court can remedy by an order and/or judgment for an award of damages (including nominal damages), plus interest and attorney fees.

## COUNT 2
## FIFTH / FOURTEENTH AMENDMENTS
## DAMAGES FOR <u>PERMANENT</u> TAKING
## 42 U.S.C. § 1983

52.    The prior paragraphs are alleged word for word herein.

53.    Count 2 is pled in the alternative to Count 1.

54.    The Fifth Amendment to the Constitution provides that "private property shall not be taken for public use, without just compensation." U.S. Const. amend. V.

55.    At an alternative to the temporary takings claim pled as Count 1, Defendant WILLIAM FEDERSPIEL is alternatively pled to have *totally* deprived Plaintiffs of their property in violation of the takings provision of the US Constitution.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

56.   The Fifth Amendment also provides a remedy if property originally seized for criminal purposes is permanently not returned after the government's interest in retaining the property ceases. *Jenkins v United States*, __ F.4th __; 2023 U.S. App. LEXIS 16296 (Fed Cir. 2023).

57.   The Fifth Amendment, made applicable to the states via the Fourteenth Amendment, is a constitutional provision and right requiring the payment of just compensation for the permanent taking undertaken by Defendant WILLIAM FEDERSPIEL.

58.   Defendant WILLIAM FEDERSPIEL has permanently taken property interests belonging Plaintiffs GERALD NOVAK and ADAM WENZEL as to the firearms for public use without the payment of just compensation in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

59.   When Defendant WILLIAM FEDERSPIEL permanently took Plaintiffs GERALD NOVAK and ADAM WENZEL's private property without paying for it, Defendant WILLIAM FEDERSPIEL violated the Fifth Amendment.

60.   Defendant WILLIAM FEDERSPIEL, in his official capacity, is liable pursuant to the *Monell* standard as flowing from the execution of a

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

policy or custom pursuant one or more of the four recognized methodologies, see *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005).

61.   The   actions   and/or   inactions   of   Defendant   WILLIAM FEDERSPIEL was expressly designed to intentionally or wantonly cause harm to Plaintiffs GERALD NOVAK and ADAM WENZEL due to the utter disregard of the constitutionally protected rights of Plaintiffs GERALD NOVAK and ADAM WENZEL.

62.   Defendant WILLIAM FEDERSPIEL has not paid, will not pay, and does not intend to pay just compensation then, now, or into the future.

63.   Plaintiffs GERALD NOVAK and ADAM WENZEL have suffered damages which this Court can remedy by an award of "just compensation" damages, plus interest and attorney fees.

### COUNT 3
### *BAUSERMAN* CONSTITUTIONAL CLAIM / INVERSE CONDEMNATION
### Mich. Const. 1963, Article X, § 2

64.   The previous allegations are re-alleged word for word herein.

65.   Plaintiffs GERALD NOVAK and ADAM WENZEL assert that for the same reasons outlined in Counts 1 and/or 2, the allegations contained and incorporated therein also establish the violation(s) of Article X, § 2 of the Michigan Constitution when Defendant WILLIAM FEDERSPIEL, as of early 2019, temporarily and/or permanently took private property without paying

just compensation after the original reason for possessing said property had fully terminated.

66. Defendant WILLIAM FEDERSPIEL caused an inverse condemnation.

67. Plaintiffs GERALD NOVAK and ADAM WENZEL have experienced constitutional and monetary harm/damages as a result of the same.

## COUNT 4
## FOURTEENTH AMENDMENT – PROCEDURAL DUE PROCESS
## 42 U.S.C. § 1983

68. The prior paragraphs are alleged word for word herein.

69. Under the Fourteenth Amendment due process clause, state actors may not "deprive any person of [] property, without due process of law." U.S. Const. amend. XIV.

70. "To the extent the Constitution affords [a plaintiff] any right with respect to a government agency's retention of lawfully seized property, it would appear to be procedural due process." *Shaul v. Cherry Valley-Springfield Cent. Sch. Dist.*, 363 F.3d 177, 187 (2d Cir. 2004).

71. It is well settled that upon the termination of criminal proceedings, any taken property, other than contraband, should be returned to the rightful owner. *United States v. Chambers*, 192 F.3d 374, 376 (3d Cir. 1999); see

also *People v. Washington*, 351 N.W.2d 577, 580 (Mich. Ct. App. 1984); *Jenkins v United States*, __ F.4th __; 2023 U.S. App. LEXIS 16296 (Fed Cir. 2023);

72.    Michigan law does not provide a process or procedure to effectuate the return of the private property taken by sheriff deputies for "safekeeping" but not actually authorized to be seized under MCL 600.4703 following the complete discharge of Mr. Heinrich from any criminal proceedings.

73.    The post-deprivation remedies in the State of Michigan are inadequate because they do not exist for these circumstances, been denied, or the seizing agency having been granted immunity.

74.    Plaintiffs GERALD NOVAK and ADAM WENZEL has sought the return of their firearms and Defendant WILLIAM FEDERSPIEL has refused to order the return of the firearms.

75.    Demands for the return of the firearms by the rightful owners have been met with flat rejection as "too bad" with the unlawful expressed goal that "the longer we keep the guns, the better."

76.    Since at least January 8, 2019, Plaintiffs GERALD NOVAK and ADAM WENZEL have been deprived of property without constitutionally adequate pre- or post-deprivation process.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

77. Defendant WILLIAM FEDERSPIEL has failed to provide any notice of the deprivation of their property and has failed to provide the opportunity to be heard to cause the return of the thirteen firearms despite that Defendant WILLIAM FEDERSPIEL lacks any continuing lawful interest in retaining the thirteen firearms.

78. Defendant WILLIAM FEDERSPIEL, in his official capacity, is liable pursuant to the *Monell* standard as flowing from the execution of a policy or custom pursuant one or more of the four recognized methodologies, see *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005).

79. The actions and/or inactions of Defendant WILLIAM FEDERSPIEL was expressly designed to intentionally or wantonly cause harm to Plaintiffs GERALD NOVAK and ADAM WENZEL due to the utter disregard of the constitutionally protected rights of Plaintiffs GERALD NOVAK and ADAM WENZEL.

**COUNT 5**
***BAUSERMAN* CONSTITUTIONAL CLAIM**
**Mich. Const. 1963, Article I, § 17**

80. The prior paragraphs are alleged word for word herein.

81. Under the Michigan's due process provision(s), "no person shall… be deprived of… property, without due process of law."

16

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

82.     It is well settled that upon the termination of criminal proceedings, any taken property, other than contraband, should be returned to the rightful owner.

83.     Michigan law does not provide notice, a process, or a procedure to effectuate the return of the private property taken by deputies for "safekeeping" but not actually authorized to be seized under MCL 600.4703 following the complete discharge of Mr. Heinrich from any criminal proceedings.

84.     Plaintiffs GERALD NOVAK and ADAM WENZEL assert that for the same base reasons outlined in Count 4, it violates Article I, § 17 of the Michigan Constitution when Defendant WILLIAM FEDERSPIEL, as of early 2019, failed to provide any notice of the deprivation of Plaintiffs' property and has failed to provide a procedure to be heard to have the opportunity to cause the return of the thirteen firearms despite that Defendant WILLIAM FEDERSPIEL lacks any continuing lawful interest in retaining the thirteen firearms.

85.     The post-deprivation remedies in the State of Michigan are inadequate because they do not exist for these circumstances, been denied, or the seizing agency having been granted immunity from suit.

86. Plaintiffs GERALD NOVAK and ADAM WENZEL have experienced constitutional and monetary harm/damages as a result of the same.

## COUNT 6
## FOURTEENTH AMENDMENT – SUBSTANTIVE DUE PROCESS
## 42 U.S.C. § 1983

87. The previous allegations are re-alleged word for word herein.

88. Refusing to return the private property belonging to Plaintiffs GERALD NOVAK and ADAM WENZEL, in the absence of a valid justification or basis, makes the actions and/or inactions of Defendant WILLIAM FEDERSPIEL arbitrary and/or capricious and/or of such a character as to shock the consciousness of the court.

89. Defendant WILLIAM FEDERSPIEL, in his official capacity, is liable pursuant to the *Monell* standard as flowing from the execution of a policy or custom pursuant one or more of the four recognized methodologies, see *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005).

90. The actions and/or inactions of Defendant WILLIAM FEDERSPIEL was expressly designed to intentionally or wantonly cause harm to Plaintiffs GERALD NOVAK and ADAM WENZEL due to the utter disregard of the constitutionally protected rights of Plaintiffs GERALD NOVAK and ADAM WENZEL.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

91.   Plaintiffs GERALD NOVAK and ADAM WENZEL have experienced constitutional and monetary harm/damages as a result of the same.

## COUNT 7
## *BAUSERMAN* CONSTITUTIONAL CLAIM
## Mich. Const. 1963, Article I, § 17

92.   The prior paragraphs are alleged word for word herein.

93.   Refusing to return the private property belonging to Plaintiffs GERALD NOVAK and ADAM WENZEL, in the absence of a valid justification or basis, makes the actions and/or inactions of Defendant WILLIAM FEDERSPIEL arbitrary and/or capricious and/or of such a character as to shock the consciousness of the court and violate Article I, § 17 of the Michigan Constitution's protection under the doctrine of substantive due process.

94.   Plaintiffs GERALD NOVAK and ADAM WENZEL have experienced constitutional and monetary harm/damages as a result of the same.

## COUNT 8
## SECOND / FOURTEENTH AMENDMENTS – "KEEP ARMS"
## 42 U.S.C. § 1983

95.   The previous allegations are re-alleged word for word herein.

96.   The Second Amendment guarantees "the right of the people to keep and bear Arms."

97.   Equally, the Second Amendment prohibits the seizure of "arms" (i.e. firearms) beyond the scope of an authorized (or unauthorized) seizure.

98.   But now that the criminal case involving Mr. Heinrich was formally and forever over as of January 2019, the firearms were failed to be return to Plaintiffs GERALD NOVAK and ADAM WENZEL and thereby violates their Second Amendment right to "keep Arms."

99.   When Defendant WILLIAM FEDERSPIEL refused to return Plaintiffs GERALD NOVAK and ADAM WENZEL their "arms" (i.e. firearms) following the discharge of Mr. Heinrich from probation, such violated the Second Amendment, see *Frein v. Penn. State Police*, 47 F.4th 247 (3d Cir. 2022).

100.   Defendant WILLIAM FEDERSPIEL, in his official capacity, is liable pursuant to the *Monell* standard as flowing from the execution of a policy or custom pursuant one or more of the four recognized methodologies, see *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005).

101.   The actions and/or inactions of Defendant WILLIAM FEDERSPIEL was expressly designed to intentionally or wantonly cause harm to Plaintiffs GERALD NOVAK and ADAM WENZEL due to the utter

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

disregard of the constitutionally protected rights of Plaintiffs GERALD NOVAK and ADAM WENZEL.

## COUNT 9
### *BAUSERMAN* CONSTITUTIONAL CLAIM
### Mich. Const. 1963, Article I, § 6

102.  The prior paragraphs are alleged word for word herein.

103.  Article I, Section 6 of the Michigan Constitution provides that "every person has a right to keep and bear arms for the defense of himself and the state."

104.  Defendant WILLIAM FEDERSPIEL is in violation of Article I, § 6 of the Michigan Constitution when refusing to return arms (i.e. firearms) belonging to Plaintiffs GERALD NOVAK and ADAM WENZEL.

105.  Plaintiffs GERALD NOVAK and ADAM WENZEL have experienced constitutional and monetary harm/damages as a result of the same.

## COUNT 10
### FOURTH AMENDMENT VIOLATION
### 42 U.S.C. § 1983

106.  The prior paragraphs are alleged word for word herein.

107.  Plaintiffs GERALD NOVAK and ADAM WENZEL assert that it is a Fourth Amendment violation when Defendant WILLIAM FEDERSPIEL, as of January 8, 2019, unreasonably refused to return the private property of

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

Plaintiffs GERALD NOVAK and ADAM WENZEL when the original reason for possessing said property has fully terminated.

108.   Return has been demanded and refused despite there no longer being any justification for retaining the same as of January 8, 2019.

109.   Under binding precedent, the Sixth Circuit has rejected that a claim under the Fourth Amendment exists for these circumstances, *Fox v. Van Oosterum*, 176 F.3d 342, 349-352 (6th Cir.1999), while the Ninth Circuit has recognized the claim, *Brewster v. Beck*, 859 F.3d 1194 (9th Cir. 2017).

110.   This claim/count is pled to preserve the claim (for future appellate practice) under the Fourth Amendment for challenge *en banc* before the entire Sixth Circuit and/or to petition for writ of certiorari to the United States Supreme Court to resolve the circuit split.

111. The actions and/or inactions of Defendant WILLIAM FEDERSPIEL, in his official capacity, is a policy, custom, and/or practice sufficient to impose damages and other relief pursuant to *Monell v. New York City Department of Social Services* and its progeny.

112. Plaintiffs GERALD NOVAK and ADAM WENZEL have experienced constitutional and monetary harm by processes and procedures undertaken by and/or is a policy, custom, and/or practice of Defendant WILLIAM FEDERSPIEL.

113.  The conduct of Defendant WILLIAM FEDERSPIEL was reckless and undertaken with complete indifference to the federal rights of Plaintiffs GERALD NOVAK and ADAM WENZEL to be free from violations of the Fourth Amendment to the United States Constitution.

## COUNT 11
## *BAUSERMAN* CONSTITUTIONAL CLAIM
## Mich. Const. 1963, Article I, § 11

114.  The previous allegations are re-alleged word for word herein.

115.  Plaintiffs GERALD NOVAK and ADAM WENZEL assert that it violates Article I, § 11 of the Michigan Constitution when Defendant WILLIAM FEDERSPIEL, as of early 2019, unreasonably refused to and/or failed to direct the return the private property (i.e. firearms) of Plaintiffs GERALD NOVAK and ADAM WENZEL when the original reason made for possessing said property has fully terminated.

116.  Return has been demanded and refused despite there no longer being any justification for retaining the same as of January 8, 2019.

117. Plaintiffs GERALD NOVAK and ADAM WENZEL have experienced constitutional and monetary harm/damages as a result of the same.

## COUNT 12
## CLAIM-AND-DELIVERY / REPLEVIN

118.  The prior paragraphs are alleged word for word herein.

23

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

119.  Plaintiffs GERALD NOVAK and ADAM WENZEL are the lawful owner(s) of their respective firearms as listed in Paragraph 13.

120.  Plaintiffs GERALD NOVAK and ADAM WENZEL are lawfully entitled to possession and return of the above-described firearms as of January 7, 2019.

121.  The demands of Plaintiffs GERALD NOVAK and ADAM WENZEL for the return of the above-described firearms have been refused.

122.  Defendant WILLIAM FEDERSPIEL has current possession and/or control of the firearms but does not have ownership of the above-described property.

123.  Plaintiffs GERALD NOVAK and ADAM WENZEL seek a claim-and-delivery / replevin judgment to immediately effectuate the return of the above-described firearms to Plaintiffs GERALD NOVAK and ADAM WENZEL.

124.  Plaintiffs GERALD NOVAK and ADAM WENZEL are not seeking damages as part of this claim because a monetary-damages remedy is barred by government immunity under Michigan tort law.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

**RELIEF REQUESTED**

125.  WHEREFORE, Plaintiffs GERALD NOVAK and ADAM WENZEL

respectfully requests this Court to—

    a.    Enter a preliminary/permanent injunction immediately and permanently restoring all firearms to Plaintiffs GERALD NOVAK and ADAM WENZEL or otherwise enter a claim-and-delivery order to immediately and permanently restore all firearms to Plaintiffs GERALD NOVAK and ADAM WENZEL

    b.    Enter an order for an award of damages including (but not limited to) nominal damages and just compensation (except as to Count 12);

    c.    Enter an order for an award of interest as required by *Knick v. Twp. of Scott*, 139 S. Ct. 2162 (2019);

    d.    Enter an order for an award of punitive damages;

    e.    Enter an order for an award of actual reasonable attorney fees and litigation expenses pursuant to 42 U.S.C. § 1988 and all other applicable laws, rules, or statutes; and

    f.    Enter an order for all such other relief the court deems warranted and/or equitable.

**JURY DEMAND**

126.  For all triable issues, a jury is hereby demanded.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

Date: July 14, 2023                    RESPECTFULLY SUBMITTED:

/s/ Philip L. Ellison
OUTSIDE LEGAL COUNSEL PLC
BY PHILIP L. ELLISON (P74117)
Counsel for Plaintiffs
PO Box 107
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

26

## CERTIFICATE OF SERVICE

I, the undersigned attorney of record, hereby certify that on the date stated below, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel or parties of record.

Date: July 14, 2023                    RESPECTFULLY SUBMITTED:

/s/ Philip L. Ellison
OUTSIDE LEGAL COUNSEL PLC
BY PHILIP L. ELLISON (P74117)
Counsel for Plaintiffs
PO Box 107
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com